148 So.2d 737 (1963)
Allison WEINSTEIN, Appellant,
v.
Doreene WEINSTEIN, Appellee.
No. 62-362.
District Court of Appeal of Florida. Third District.
January 22, 1963.
Rehearing Denied February 11, 1963.
L.J. Cushman, Miami, for appellant.
H.I. Fischbach, Miami, and Alvin I. Malnik, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellant, plaintiff-husband, filed an action in the trial court seeking a divorce [after 31 years of marriage], which was met by an answer and counterclaim for divorce by the appellee-wife. Upon final hearing, the chancellor granted the wife a divorce on her counterclaim; awarded the wife one-half of the properties accumulated by the parties during their marriage by virtue of a special equity found therein, he having specifically found that "the parties established and contributed equally to the successful operation of the various family *738 business enterprises"; awarded the custody of the minor children of the parties to the mother, subject to reasonable visitation rights by the father; awarded alimony and child support; awarded attorney's fees; ordered that the parties endeavor to sell the homestead premises [which was held in an estate by the entireties] and, in the event a bona fide purchaser was not secured within 6 months from the date of the final decree, provided that either of the parties might apply to the court for an order directing the sale of the homestead under the supervision of the court.
The appellant urges that the court erred in three particulars in the rendition of the final decree. First, that the evidence was insufficient to establish a special equity of the wife in the husband's property, and the court was in error in ordering the family home sold and the proceeds divided. Second, that the chancellor was without authority to make a retroactive award of child support and lastly, that the award of $1,500.00 as counsel fees was excessive.
Upon a review of the record, it appears that there is sufficient evidence to support the finding of the chancellor of a special equity of the wife in and to the properties held by the husband [which had been acquired through the mutual efforts of the parties], and this portion of the final decree is affirmed. See: Tyler v. Tyler, Fla.App. 1959, 108 So.2d 312; In re Lohbiller's Estate, Fla.App. 1959, 113 So.2d 248. In ordering the parties to sell the homestead property within a period of 6 months and dividing the net proceeds equally and [in the event the parties should be unable to sell the premises within the said period] providing that either party could apply to the court for a sale under judicial supervision, it appears that the chancellor exceded his jurisdiction and authority and the appellant is entitled to have this portion of the final decree reversed. The homestead property was held in an estate by the entireties and upon the granting of the final decree of divorce the parties became tenants in common. § 689.15, Fla. Stat., F.S.A. Although it might be a better practice to permit a chancellor to divide property held in estates by entireties upon the granting of a final decree of divorce, until such time as the Legislature repeals or amends the existing statutes, trial courts and appellate courts have no alternative but to follow the enactments of the Legislature. Therefore, the provision attempting to order the sale of this property must be reversed upon the authority of Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Tompkins v. Tompkins, Fla.App. 1962, 145 So.2d 769.
The chancellor awarded retroactive child support to the mother for a period of approximately 6 months prior to the entry of the final decree. It appears that this is the time period within which the mother was the sole provider for the child, and no abuse of discretion is shown in the chancellor securing for the wife a repayment of sums which she necessarily would have had to expend in the support of the minor. An obligation of support is upon a father and, whenever he neglects or refuses to assume this responsibility and another is called upon to discharge the father's responsibility, certainly he should be required to reimburse these sums. See: Tims v. Tims, C.C.A.Tex.Civ.App., 1947, 201 S.W.2d 865.
As to the award of attorney's fees, no abuse of discretion has been demonstrated. See: Pross v. Pross, Fla. 1954, 72 So.2d 671; Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456; Ginsberg v. Ginsberg, Fla.App. 1961, 127 So.2d 137.
Therefore, for the reasons above stated, the final decree is affirmed in all particulars except as to that portion ordering a sale of the homestead property within 6 months of the date of the final decree, and reserving unto the chancellor the right to entertain any petition to conduct the sale under his supervision.
Affirmed in part; reversed in part.