PER CURIAM.
The appellant, who is the former wife, appeals a final decree of divorce and assigns error upon the financial provisions of the decree. Specifically she assigns as error the amount allowed as child support for the two minor children of the parties and that portion of the final decree which provides for the sale of real property, formerly held as an estate by the entireties, in order to establish an educational trust fund for the children.
In order to understand the equitable purposes of the final decree, it should be pointed out that there are two adjacent residence properties involved. Each of these was held as an estate by the entireties. By the decree the appellant-wife is given the right to reside in one of them with the minor children. The provision in the decree in this particular is as follows:
“ * * * that the plaintiff, JEAN REED ALLEN is hereby authorized to reside with the two minor children of the parties, on the property located at 3100 S. W. 17th Street, Miami, Florida, without payment of any rental to defendant, RICHARD JAMES ALLEN, and she shall have the exclusive use of the said small residential building until further Order of the Court.”
By further provision of the final decree Richard James Allen is directed to pay all mortgage payments, insurance premiums, taxes and upkeep on the property described in the decree. No error is assigned upon these provisions of the decree.
Appellant’s first point challenges the adequacy of the allowance of $20 per week as child support for the two children. The children are approximately one and 4 years old, and the allowance is for both children. Plaintiff-wife waived alimony. In view of the admitted income of the defendant-husband, the allowance appears to be inadequate. We do not find it necessary to decide this question because the reversal of *547 other property provisions of the final decree necessitates a reassessment of the amount of the child support granted.
Appellant’s second point challenges the legality of the following provision of the final decree:
“That the parties hereto shall have the property described below properly re-platted and the parties hereto shall convey all their right, title and interest to the said .property, to-wit:. .
Lot 1, Block 3, LYNDALE, SECOND ADDITION, according to the Plat thereof, recorded in Plat Book 8, at Page IS, of the Public Records of Dade County, Florida, also known as 3100 S.W. 17th Street and 1710 S.W. 31st Avenue, Miami, Florida to RICHARD JAMES ALLEN and JEAN REED ALLEN, as Trustees for RICHARD JAMES ALLEN, JR., and JAMES ROBERT ALLEN * * * ’>
******
“That the parties hereto shall convey to RICHARD JAMES ALLEN and JEAN REED ALLEN, as Trustees for the minor children, RICHARD JAMES ALLEN, JR., and JAMES ROBERT ALLEN, the property located at 1710 S. W. 31st Avenue, Miami, Florida. That the property located at 1710 S. W. 31st Avenue, Miami,, Florida, shall be offered for sale and said Contract for Sale is to be approved by this Court. That in the event that the property is sold, that is, 1710 S. W. 31st Avenue, Miami, Florida, then the proceeds are to be held in Trust by the Trustees named herein, for the benefit of the two minor children, for the specific purpose of a college education for each of them, or until further Order of this Court.”
It is apparent that the purpose sought to be accomplished by the chancellor is a wholesome one and no attack has been made on the wisdom of the provision, but we must reverse for the reasons set out in Weinstein v. Weinstein, Fla.App. 1963, 148 So.2d 737.
For the reasons stated, that portion of the final decree which awards child support of $20 per week and that portion of the final decree which requires the conveyance of property held as an estate by the entireties to trustees for its sale, is reversed. It is noted that in order to set forth that part of the property to be used as a home for the appellant and the children, it may be necessary for the chancellor to require a survey dividing1 the real. property. The decree is affirmed in part, reversed in part and remanded for the entry of an amended decree in accordance with the views herein set out.
Affirmed in part, reversed in part, and remanded.