199 So.2d 123 (1967)
Fannie B. LUBARR, Appellant,
v.
Milton S. LUBARR, Appellee.
No. 66-332.
District Court of Appeal of Florida. Third District.
May 9, 1967.
Rehearing Denied June 13, 1967.
*124 L.J. Cushman, Miami, for appellant.
Talianoff, Waller & Brown, Harris J. Buchbinder, Miami Beach, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
CHARLES CARROLL, Judge.
The appellant Fannie B. Lubarr filed suit in the circuit court of Dade County against her husband, the appellee Milton S. Lubarr, for alimony unconnected with divorce under § 65.09 Fla. Stat., F.S.A., alleging the defendant was guilty of extreme cruelty.
Regarding property of the parties the plaintiff alleged that subsequent to the marriage she and the defendant had received gifts of money, securities and other property from her parents which were used to assist the defendant in the purchase of the residence of the parties, acquired and held by them in an estate by the entireties; that her money was comingled with that of her husband and used to acquire personal property, the value and amount of which was unknown to her; that the parties owned corporate stocks jointly, for the purchase of certain of which her money was used; that her money, together with defendant's was used in the purchase of certain lands in Orange County (represented by an interest in a syndicate, held by them jointly); that upon leaving her the defendant had taken certain monies and jointly owned stocks and had retained the income therefrom; and she sought an order to restrain the transfer or liquidation thereof by the defendant, and an accounting. The plaintiff also prayed for custody of the children of the parties. There were two  a son over 21 and a daughter then 19 years of age.
The defendant answered, averring that the plaintiff had taken into her possession and control much of his earnings and savings and had secreted them in various savings accounts or safe deposit boxes; and that plaintiff also was in possession of certain securities accumulated as a result of defendant's earnings. By a counterclaim the defendant sought a divorce on the ground of extreme cruelty. In addition, he prayed for an order requiring the plaintiff to account for monies, securities and other assets in her possession and that the same be returned to him, or in the alternative, "that jointly owned assets be determined as such and be divided proportionately between the parties hereto as, for example, their jointly owned home which Counterclaimant prays this Honorable Court will require to be sold."
When the cause came on for trial and final hearing before the court, after plaintiff filed response to the counterclaim, she moved for and was granted leave to amend her complaint to seek divorce. The final decree granted plaintiff a divorce and custody of the minor daughter, and found and held that "all monies, stocks and bonds, bank accounts, saving accounts and real property (except such real property in Pennsylvania in the name of the plaintiff only), whether in the individual names of the parties hereto or jointly held, or in the name of the plaintiff or defendant as custodian or trustee of either or both of their children, are, in fact, jointly owned by plaintiff and defendant."
The final decree directed that jointly owned property "shall forthwith be divided equally between plaintiff and defendant," and that the residence premises of the parties (held in an estate by the entireties) "shall forthwith be placed upon the market for sale and the proceeds derived from the sale shall be divided equally between the parties hereto." The decree further provided that if the residence were not sold within 60 days the plaintiff, who was given leave to continue in possession, should remove therefrom, and that sale of the residence premises then would be directed by further order upon application of either party.
By the decree the plaintiff was awarded alimony in the amount of $90 per week, to *125 commence 60 days from date of the decree, and it was provided that the parties should share and pay equally certain assessments owned by them for income taxes for prior years, amounting to approximately $1,700; and the wife was held to be entitled to the sum of $12,000 represented by a check from an insurance company made payable to both parties, covering loss suffered to her separately owned property in Pennsylvania.
This appeal by the wife from that decree presents three points. The first two question the right and power of the court "to require the wife to divide her property with her husband and to order her to transfer, convey or deliver to him one half of all of her property."
We have considered and reject the argument of the appellant that the trial court erred in finding that the property of the parties was jointly owned, except that held to be her separate property. This finding by the chancellor appears to be amply supported by competent evidence in the record.
The appellant further argues in support of the first two points that the court committed error in directing a division of their property jointly owned of record, and the other property held to be jointly owned. Upon entry of the decree of divorce, the joint ownership of such properties by the husband and wife as tenants by entirety became, in the twinkling of a legal eye, tenancy in common. Section 689.15, Fla. Stat., F.S.A.; Valentine v. Valentine, Fla. 1950, 45 So.2d 885.
The rule generally applied is that in the absence of an agreement by the parties for a division thereof by the court upon the divorce decree being entered, or of appropriate pleadings for the partition thereof in the divorce suit, it is error to decree a division of their jointly owned property. Weinstein v. Weinstein, Fla.App. 1963, 148 So.2d 737. As stated in Valentine v. Valentine, supra, "Once the marriage contract was dissolved and the proportionate share of each in the estate was fixed, appellant and appellee became tenants in common, and thereafter it was for them to determine whether the property should be partitioned or whether one should purchase the interest of the other."
Where partition is sought in a divorce suit of such jointly owned property, which becomes owned by the parties as tenants in common upon the entry of the decree, it is contemplated that the partition shall conform to the requirements of the partition statute, § 66.01 et seq., Fla. Stat., F.S.A. See Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52; Weinstein v. Weinstein, supra. The husband's prayer for division of the jointly owned cash and securities justified the court in so ordering, when the equal shares of the parties were established in the divorce suit. Such an order for division or "partition" of that type property was consistent with §§ 66.05 and 66.09, Fla. Stat., F.S.A. Not so, however, as to the jointly owned parcels of real estate. See §§ 66.06 and 66.07, Fla. Stat., F.S.A. Such a direction for informal division or sale was inadequate. Partition thereof, whether by separate suit under Chapter 66, Fla. Stat., F.S.A., or in a divorce suit consequent upon a divorce decree, should conform to the essential requirements and procedure for partition of the real estate as provided for in the statute. Weinstein v. Weinstein, supra, Helsel v. Helsel, Fla.App. 1962, 138 So.2d 99, 100-101. See Gonzalez v. Gonzalez, Fla.App. 1963, 156 So.2d 206, 207.
The appellant's third contention is that the allowance of alimony was inadequate in amount, and that the court erred in failing to require the husband to pay child support. The court's denial of plaintiff's request for support of the then 20 year old daughter was based on the finding that adequate provision for her support was being made through voluntary contributions by both parties. The matter of alimony was within the sound discretion of the court based on the evidence, *126 and the appellant has failed to demonstrate an abuse of discretion therein.
Accordingly, the decree is reversed wherein it directs division or sale of their equally owned real estate, but since the pleadings contained a prayer for division or "partition" thereof, and the court has determined the respective rights and interests therein of the parties as provided to be done in partition (§ 66.05 Fla. Stat., F.S.A.), the cause is remanded for further proceedings to complete the partition of such real estate in a manner consistent with §§ 66.06-66.08 of the partition statute; and in other respects the decree appealed from is affirmed.
Affirmed in part and reversed in part and remanded.