263 So.2d 588 (1972)
Patricia S. FARROW, Appellant,
v.
Thomas H. FARROW, Jr., Appellee.
Nos. 70-748, 70-906.
District Court of Appeal of Florida, Second District.
May 19, 1972.
Rehearing Denied July 11, 1972.
*589 Gerry R. Gordon, of Rousseau, Wilkinson, Gordon & Lawrence; Manuel M. Garcia, Tampa, and Andrew Garcia, Miami, for appellant.
John Germany, and C. Lawrence Stagg, of Holland & Knight, Tampa, for appellee.
PIERCE, Chief Judge.
This is an appeal by the plaintiff-wife from a final judgment in a divorce case. The plaintiff-wife has assigned as error the provisions of the final judgment awarding to the defendant-husband (1) the exclusive care, custody and control of the two minor children of the parties and (2) title to certain TV and electrical appliances. The defendant-husband has cross-assigned as error the provisions awarding to the plaintiff-wife (1) title to the former homeplace of the parties, and (2) attorney's fees for the wife's trial attorney.
Each of the parties herein sought a divorce from the other, and each sought custody of their two minor children, the plaintiff-wife upon the ground of extreme cruelty and the defendant-husband upon the grounds of adultery and extreme cruelty. The case was referred to a Special Master who heard nearly 400 pages of testimony, in addition to 450 pages of testimony taken by depositions. The Special Master found that (1) plaintiff-wife had failed to sustain her charge of extreme cruelty against the defendant-husband; (2) that defendant-husband had sustained his charge that plaintiff-wife was guilty of adultery and extreme cruelty; (3) that plaintiff-wife was not a proper person to have the custody of the minor children and the defendant-husband was such a proper person; (4) that plaintiff-wife was entitled to the former homeplace of the parties; and (5) that the defendant-husband should pay not only the Court costs incurred in the proceeding but also fees for services of her attorney.
Thereafter, the Chancellor, in his final judgment, substantially confirmed the Special Master's findings and conclusions; and thereupon awarded to defendant-husband a divorce and the "exclusive care, custody and control of the two minor children of the parties"; awarded plaintiff-wife the "right, title and interest" in the former marital residence of the parties; and ordered that defendant-husband pay the Court costs of the litigation and a fee of $4,500.00 as compensation for the services of her trial attorney. She has appealed the judgment to this Court.
At the risk of allegedly trying to second-guess the able Chancellor, but disclaiming any such intent, we are constrained to reverse the judgment in some particulars, not so much in the premises found as in the legal conclusions reached on those premises. We agree that on the record the plaintiff was guilty of adultery, but we cannot agree that for such reason alone the mother should have her minor children taken away from her. As we said in McAnespie *590 v. McAnespie, Fla.App. 1967, 200 So.2d 606:
"In the case sub judice the Chancellor was apparently beset very strongly with the feeling that the wife, because of her adulterous behavior and conduct, in and of itself, was not a fit and proper person to have the custody of her children. But, as a matter of law, such conclusion does not necessarily follow such premise."
Quoting from § 820 of Vol. 17-A, American Jurisprudence, we elaborated in McAnespie:
"The fact that a mother is guilty of adultery does not necessarily disqualify her to have the custody of her children. Although she may have been a bad wife, she may be a good mother. The moral unfitness of a mother must be such as has a direct bearing on the welfare of the child, if it is to deprive her of the custody of the child."
We held to the same effect in Bennett v. Bennett, Fla.App. 1962, 146 So.2d 588; Bargeon v. Bargeon, Fla.App. 1963, 153 So.2d 10; Slimer v. Slimer, Fla.App. 1959, 112 So.2d 581; and Julian v. Julian, Fla.App. 1966, 188 So.2d 896.
This Court has repeatedly stated that the paramount consideration in determining custody of the children of divorced parents is the best interest and welfare of the children. Equally, this Court has consistently held that the conduct of the wife as respects grounds for divorce in favor of her husband, including adultery and other marital misconduct, is not necessarily the standard to be followed in determining the fitness of the mother to have the care and custody of her children. See Bargeon, Julian, and McAnespie, supra.
The adjudication of adultery against the plaintiff-wife here did not of itself necessarily brand her as being morally unfit to have the care and custody of her two minor children of tender years, nor incapable of rearing and meeting her responsibilities toward her two children. The record in the case sub judice reflects that the marriage of the parties had progressively deteriorated and had been on the rocks, beyond hope of recall, for quite some time before suit was filed. Although the parties lived under the same roof, for all practical purposes they lived separate and apart insofar as the usual marital relations between husband and wife were concerned.
It is apparent from the record that the plaintiff-wife fell in love and became intimately involved with another man whom it appears she has since married. We do not condone such conduct of the wife, but neither do we look with favor upon the apathetic attitude of the defendant-husband in knowingly permitting his wife to accept money and expensive gifts from the other man, viz., $4,500.00 for a down-payment on the home of the parties; $8,000.00 to $10,000.00 for furnishings for the home; a $2,000.00 fur coat; a valuable watch and bracelet; and other similar items of a personal nature.
The record shows that the plaintiff-wife maintained an orderly, clean and neat home for her children in a nice neighborhood; that the children did well in school and were well behaved, nourished and groomed; that plaintiff-wife was a homeroom mother at the children's school; and otherwise devoted the necessary time and efforts in properly caring for and attending to the personal and recreational needs of her children. There is no reason to assume that such care and supervision would not continue. The record lacks a sufficient basis to show that the mother is presently either unfit or unable or unwilling to properly take care of her two minor children whose ages are 6 and 7 years, respectively. Notwithstanding the conduct of the plaintiff-wife towards her defendant-husband, the welfare of the children, under the circumstances of this case, would be better subserved by awarding custody of the children to the plaintiff-mother.
*591 Other aspects of the judgment appealed cannot be upheld. We believe the Chancellor was in error in awarding to the plaintiff-wife the exclusive title to the former homeplace of the parties, described as Lots 7 and 8, Block 13, of Sunset Park Subdivision, as per map thereof recorded in Plat Book 10, page 46, of the Hillsborough County Public Records.
It appears from the unchallenged findings of the Master that defendant-husband had paid the sum of $5,500.00 on purchase of the home and that plaintiff-wife had contributed $4,500.00 to the purchase, the latter sum however having been procured by her from her then boyfriend. The Master recommended that she "be given possession of the home and title and possession of the household furnishings of the parties" which included a quantity of new furniture supplied by the third party. The Chancellor decreed full and complete "right, title and interest in and to the residence" into plaintiff-wife, as well as all household furniture and furnishings therein, excepting only certain electrical appliances.
In view of all circumstances of the case, we are convinced the Master's recommendation was sound, especially since it was predicated upon F.S. § 689.15, F.S.A., which provides inter alia that "in cases of estates by entirety (as here, when the judgment was entered), the tenants, upon divorce, shall become tenants in common". See Weinstein v. Weinstein, Fla.App. 1963, 148 So.2d 737; Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123.
Furthermore, the general equities of the case, as between the husband and the wife, did not render it compatible with justice that the husband should be involuntarily divested of all his interest in the home and furniture. In this respect, the case of Tillman v. Tillman, Fla.App. 1969, 222 So.2d 218, would seem apropos. There, the 1st District Court said:
"* * * in a case of this kind [where the issues were strikingly analogous to the instant case] a chancellor may properly make one provision in a divorce favorable to one party and counterbalance this by including a provision favoring the other party, in order to achieve an over-all equitable solution in the light of the circumstances shown by the evidence."
We are persuaded from a meticulous consideration of the entire record that F.S. § 689.15 F.S.A., should provide the basic guidelines for division and disposition, as between the parties, of the marital homeplace and furniture and furnishings therein (excepting the few described electrical appliances), as recommended by the Special Master. Many Florida cases have followed this procedure in similar situations. Kitchens v. Kitchens, Fla.App. 1964, 162 So.2d 539; Weinstein v. Weinstein, supra; Wilkerson v. Wilkerson, Fla.App. 1965, 179 So.2d 592; Wild v. Wild, Fla.App. 1963, 157 So.2d 532; Andrews v. Andrews, 1945, 155 Fla. 654, 21 So.2d 205; and Benson v. Benson, Fla.App. 1958, 102 So.2d 748.
The able Chancellor will have ample authority to handle and work out the details of effectuating change in the further custody of the children, including their support, and disposition of the property, within the framework of precepts hereinbefore set forth, upon the going down of the mandate in this cause; and jurisdiction for such purpose is hereby specially conferred.
One last item: the attorney's fee of $4,500.00 ordered to be paid by defendant-husband to the wife's trial lawyer for his services. Appellee concedes that Hall v. Hall, Fla.App. 1967, 200 So.2d 544, is authority for granting attorney's fees although the wife was denied a divorce and the husband awarded a divorce on his counterclaim. But the defendant-husband claims that the plaintiff-wife was in a better position to pay her own attorney's fee than defendant-husband. We think the better course to follow in this regard is to remand this portion of the judgment also back to the lower Court so that the Chancellor may reconsider the matter of attorney's fee to *592 the wife's trial counsel in the light of the respective faculties of the parties and also the philosophy of § 17, Ch. 71-241, Laws of Florida, 1971, amending F.S. § 61.16 F.S.A., which has been enacted since the lower Court judgment was entered.
The judgment appealed is therefore affirmed in part and reversed in part with jurisdiction and directions to the Chancellor to effectuate the provisions hereof.
So ordered.
LILES and McNULTY, JJ., concur.