PEARSON, Judge.
The husband, who is the appellee here, filed a complaint for dissolution of marriage. The wife filed a counterclaim for relief unconnected with dissolution. Upon the wife’s motion, the court dismissed the husband’s complaint upon the ground that the husband had not shown residency for the jurisdictional period. In the same order, the trial judge dismissed the wife’s counterclaim.
After entry of the final judgment, the wife filed a motion for assessment of costs and for attorney’s fees. Upon the motion of the husband, the wife’s motion for costs and attorney’s fees was stricken. The trial court relied upon Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); and Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). In further pursuit of attorney’s fees, the wife filed a motion pursuant to Florida Rule of Civil Procedure 1.540, asking that the court amend its final judgment to reserve jurisdiction for the award of attorney’s fees. The motion was denied.
It is our view that the trial court erred in striking the appellant wife’s motion for costs. Certainly, if entitled to costs, the wife could apply for the same after judgment of dismissal. See Florida Rule of Civil Procedure 1.420(d).
The trial court denied the wife’s motion for relief pursuant to Florida Rule of Civil Procedure 1.540 because the wife had already filed her appeal from the final judgment. The motion was grounded upon mistake because the court had, by a written order entered prior to the judgment, reserved ruling on the issue of attorney’s fees until after final hearing. The trial court correctly denied the motion because it did not have jurisdiction of the cause after the filing of a notice of appeal. See Burke v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976). Nevertheless, the trial court is not deprived of the opportunity to correct the mistake and to rule on the merits of the wife’s motion. The motion may be refiled upon the filing of this court’s mandate in appeal no. 78-1228, which is the wife’s appeal from the judgment dismissing her counterclaim. We do not imply that the wife is entitled to costs and attorney’s fees, but simply that the trial court may proceed upon the motions.
Affirmed in part, reversed in part and remanded with directions.