DOWNEY, Chief Judge.
The final judgment entered in this case, among other things, dissolved the marriage of the parties, granted custody of a child to the wife, awarded the wife child support, and granted the husband’s prayer for partition of the jointly owned marital domicile and personal property therein, but deferred “a specific order thereon until a motion so requesting is filed by either party hereto.”
Appellant attacks the following features of the final judgment: 1) the granting of appellee’s prayer for partition; 2) the failure to award possession of the marital home to appellant and the child, 3) the failure to require the appellee to pay for medical insurance for the child, and 4) the provision of the judgment retaining jurisdiction to issue “any further order as equity may deem just.”
We have examined each of the challenged provisions closely. The granting of partition of the marital home was supported by adequate pleadings in appellee’s complaint. However, as appellee candidly admitted, the partition as to the personal property had no support in the pleadings.
The other provisions of the judgment are discretionary calls by the trial judge and do not require our interference. Should the trial judge attempt to exercise inappropriate jurisdiction under the retention provision of the judgment, there will be time enough to limit such exercise to matters allowable by law.
Accordingly, the judgment appealed from is affirmed in all respects except the provision thereof providing for partition as to the personal oroperty of the parties. That provision is reversed and the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and remanded for further proceedings.
ANSTEAD and LETTS, JJ., concur.