376 So.2d 892 (1979)
LEAGUE OF MERCY ASSOCIATION, INC., a Florida Non-Profit Corporation, Appellant,
v.
Thatcher WALT, Consumer Affairs Officer, and City of Jacksonville, Florida, a Municipal Corporation, Appellees.
No. NN-34.
District Court of Appeal of Florida, First District.
November 2, 1979.
John J. Sulik of Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellant.
Dawson A. McQuaig, William Lee Allen, and June C. Blackburn, Jacksonville, for appellees.
McCORD, Judge.
Appellant, League of Mercy Association, Inc., a Florida non-profit corporation, brought this action in the court below, seeking injunctive relief and a declaratory judgment finding Chapter 404 of the Jacksonville Ordinance Code unconstitutional. The trial court denied both and we affirm.
Pursuant to Chapter 404 of the Jacksonville Ordinance Code, the Consumer Affairs Officer of the City of Jacksonville denied appellant's application for a permit to solicit in 1978. Chapter 404 provides that no charitable organization shall solicit property or financial assistance of any kind or sell any article, etc., without having registered with the Consumer Affairs Office and having obtained a permit as required by that chapter. Chapter 404 relates specific procedures to be followed in applying for and obtaining the necessary permits. The Consumer Affairs Officer is given authority under that chapter to conduct investigations to determine whether solicitations in question will be or have been made for charitable, educational, religious, civic, patriotic, fraternal, reformatory or philanthropic purposes and thereupon to grant, deny, or revoke permits pursuant to the provisions of the chapter.
*893 Appellant contends that certain sections of Chapter 404 are unconstitutional in that they delegate to the Consumer Affairs Officer an arbitrary power to determine what constitutes a charitable, religious, etc., organization and purpose and to grant or withhold permits or licenses for charitable organizations without prescribing any guidelines for the exercise of the officer's discretion. We have reviewed the provisions of Chapter 404 and find that, when read as a whole, the ordinance sets forth sufficient guidelines to enable the Consumer Affairs Officer to adequately grant or deny licenses. The ordinance contains detailed provisions as to the information to be acquired and considered by the Consumer Affairs Officer in taking applications and in issuing the required permits. For example, the ordinance requires applicants to file written statements disclosing the nature of the organization, the administrative costs involved in the solicitation, and the manner in which the solicited funds were or will be disbursed. Thus, we conclude that the duties assigned to the officer by the ordinance do not bestow upon the officer unbridled discretion to make broad determinations without guidelines. Instead, the language of the ordinance limits the officer's discretion by the use of terms of general understanding and common usage, such as "charitable" and "not for the private profit of the applicant." Such terms are not conducive to further definition but are commonly understood by reasonable men and are susceptible to legal interpretation based upon the facts of a given case. Compare Safer v. City of Jax, 237 So.2d 8 (Fla. 1 DCA 1970).
Appellant also contends that the trial court erred in its order taxing costs. However, the costs order was entered 38 days after rendition of the final judgment. A cost determination must be made within the time allowed for appeal from the final judgment for it to come under the umbrella of that appeal. If it is entered later, review is only available by a separate interlocutory appeal. Roberts v. Askew, 260 So.2d 492 (Fla. 1972); Chatlos v. City of Hollandale, 220 So.2d 353 (Fla. 1968); and Craft v. Clarembeaux, 162 So.2d 325 (Fla. 2 DCA 1964). Since the order taxing costs was entered eight days after time for appealing the final judgment had expired, we do not have jurisdiction to consider the order on this appeal. No interlocutory appeal has been taken from the order taxing costs.
AFFIRMED.
MILLS, C.J., and SHIVERS, J., concur.