392 So.2d 49 (1981)
George Thomas BAILEY, III, Appellant,
v.
Mabel Moon BAILEY, Appellee.
No. 80-903.
District Court of Appeal of Florida, Third District.
January 6, 1981.
*51 Greene & Cooper and Sharon L. Wolfe, Major & Logan, Miami, for appellant.
Proby & Adkins and H. Lawrence Hardy, Coral Gables, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
George Bailey sought a decrease in the alimony he was required to pay his ex-wife, Mabel, pursuant to an earlier final judgment of dissolution. Mabel hired counsel to counter George's efforts and moved that her attorneys' fees and costs be taxed against George. The trial court denied George's motion to modify, reserving jurisdiction to later award attorneys' fees and costs to Mabel. George appealed from the denial of his motion to modify.[1] While that appeal was pending, the trial court entered an order awarding Mabel $5,000 in attorneys' fees and $626.41 in costs.[2] George took a second appeal, the one we now decide, contending that the order awarding attorneys' fees and costs[3] to Mabel was void because the trial court was without jurisdiction to enter such an order while George's initial appeal was pending in this court.[4]
We affirm the trial court and hold that where a trial court, in any proceedings under Chapter 61, Florida Statutes (1979), including modification proceedings, has reserved jurisdiction to make a later award of attorneys' fees,[5] its jurisdiction to do so is unaffected by the fact that one of the parties has appealed from the underlying judgment or order and that such an appeal is *52 pending when the trial court hears and decides the issue of attorneys' fees.

I.
The impediment to the jurisdiction of the trial court to conduct proceedings and enter orders once an appeal has been taken in that very case is not, as George Bailey suggests, absolute. Whether the trial court lacks jurisdiction depends not simply on the fact that an appeal in the case has been taken and is pending, but rather on the nature of the action being taken by the trial court in relation to the subject matter of the pending appeal. If what the trial court does while the appeal is pending cannot affect or interfere with the subject matter of the appeal, and thus impinge upon the appellate court's power and authority to decide the issues presented to it by the appeal, then the trial court can act. The jurisdiction of the appellate court is exclusive only as to the subject matter of the appeal. Willey v. W.J. Hoggson Corp., 89 Fla. 446, 105 So. 126 (1925). Compare Sunrise Beach, Inc. v. Phillips, 181 So.2d 169 (Fla. 2d DCA 1965) (trial court had jurisdiction to issue an alias summons, since this action did not encroach upon the appellate court's jurisdiction to determine the validity of a prior summons), with Veiner v. Veiner, 364 So.2d 834 (Fla. 3d DCA 1978) (where appeal challenges order allowing attorneys' fee, trial court is without jurisdiction to enter judgment on order); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980) (trial court is without jurisdiction to enter post-appeal orders which modify final judgment appealed from)[6]; De La Portilla v. De La Portilla, 304 So.2d 116 (Fla. 1974) (trial court is without jurisdiction to enter final judgment while wife's interlocutory appeal from an order striking her counterclaim and affirmative defenses was pending). See also Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971).
The appeal which George Bailey asserts prevented the trial court from awarding attorneys' fees and costs was his appeal from the trial court's order rejecting his attempt to reduce the alimony to be paid to his ex-wife. The later award of attorneys' fees to Mrs. Bailey could not affect the issues or outcome of that appeal,[7] and could be made by the trial court without impairing the efficacy of the pending appellate proceedings. Thus, the trial court *53 had jurisdiction to enter the order awarding fees to Mrs. Bailey.

II.
We are also of the view that the trial court's award of attorneys' fees during the pendency of the appeal is authorized by Florida Rule of Appellate Procedure 9.600(c), which provides:
"Dissolution of Marriage Actions. In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorney's fees. Review of such orders shall be by motion filed in the court within 30 days of rendition. The receipt or payment of funds under an order awarding separate maintenance, child support or alimony shall not prejudice the rights of appeal of any party."
Admittedly, this rule can be read to authorize only attorneys' fees incurred in connection with services rendered in the trial court during the pendency of the appeal. But a restrictive reading is neither dictated by the language of the rule, nor the equalization purpose of these fees in matrimonial matters. We choose to read the rule more broadly and in that respect align ourselves with our sister court's holding in Smith v. Smith, 382 So.2d 1242 (Fla. 2d DCA 1980).[8]
Affirmed.
NOTES
[1] After all the events pertinent to the present appeal had taken place, we affirmed the trial court's order refusing to modify alimony. See Bailey v. Bailey, 386 So.2d 63 (Fla. 3d DCA 1980).
[2] One hearing on the motion to tax attorneys' fees and costs was held prior to the date upon which George Bailey filed his notice of appeal. A second hearing and the entry of the court's order occurred after the appeal was filed. If the trial court was without jurisdiction to proceed, the fact that the proceedings commenced before the notice of appeal was filed would be of no significance.
[3] We need not further discuss the post-appeal cost award which the trial court clearly had jurisdiction to make despite the pending appeal. Roberts v. Askew, 260 So.2d 492 (Fla. 1972).
[4] The amount of the fee and cost award is not in issue.
[5] A trial court is without jurisdiction to make an award of fees and costs after final judgment in the absence of a reservation of jurisdiction. Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978); Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). The issue of whether the trial court has reserved jurisdiction is totally separate from the issue of whether, having reserved it, its jurisdiction is divested by a pending appeal.
[6] This lack of jurisdiction in a trial court to modify the final judgment being appealed renders it without jurisdiction to entertain a Florida Rule of Civil Procedure 1.540(b) motion while an appeal is pending in the absence of the appellate court's relinquishment of jurisdiction. Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980); Weinschel v. Weinschel, 368 So.2d 388 (Fla. 3d DCA 1979).
[7] The purpose of an award of attorneys' fees in proceedings for dissolution of marriages or enforcement or modification of proceedings attendant upon the marital relationship, see Section 61.16, Florida Statutes (1979), is to equalize the abilities of the parties to secure competent legal counsel. Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977). The award is not predicated upon being the successful party in the litigation and is thus not dependent on the ultimate outcome of the appeal. In the latter case, the attorneys' fees award is inextricably tied to the pending appeal. While it cannot be accurately said that the fee award interferes with the appellate jurisdiction under these circumstances, but see Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979), it can be said that the fee award is premature.

The holding in Wilson Realty, Inc. v. David, supra, is suspect in light of Roberts v. Askew, supra, n. 3. In Roberts, the court stated that the trial court has jurisdiction to enter a cost award during the pendency of an appeal. Since the recovery of costs, even as the recovery of attorneys' fees, where provided for, is dependent (in a non-matrimonial matter) on the recovery of a favorable judgment, see § 57.041, Fla. Stat. (1979), it would appear that both costs and attorneys' fees can be awarded during the pendency of an appeal. See generally Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980) (approving a post-appeal attorneys' fee award under Section 57.105, Florida Statutes (1979), because they could be deemed costs under Chapter 57, and thus within the ambit of Roberts, not Wilson Realty). Moreover, we do not agree that the test to determine loss of jurisdiction employed in Wilson Realty, i.e., whether the trial court is proceeding in a matter related to the final judgment, is the proper one. In our view, the proper test is whether the trial court is proceeding in a matter which affects the subject matter on appeal.
[8] Smith, holding that Rule 9.600(c) gives the trial court jurisdiction to make an award of attorneys' fees notwithstanding the pendency of an appeal, receded from that court's contrary holding in Judge v. Judge, 370 So.2d 833 (Fla. 2d DCA 1979), in which Rule 9.600(c) was not considered. To the extent, therefore, that Smith stands for the proposition that absent the rule, there would be no jurisdiction in the trial court to award fees, we would disagree with the Second District for the reasons set forth in the first part of this opinion. In our view, the pending appeal did not divest the lower tribunal of jurisdiction, and Rule 9.600(c), which presupposes a divestiture, is only an alternative justification for the trial court's order. Of course, reliance on this rule is not appropriate to justify trial court orders not contemplated by the rule on the theory that they are made to protect the welfare and rights of the parties. See, e.g., Johnson v. Ferguson, 383 So.2d 715 (Fla. 3d DCA 1980).