DANIEL S. PEARSON, Judge.
Keene, Stephenson, Collins and May, employees of Seaboard Coast Line Railroad Company, after bringing a freight train to Hialeah, Florida, were laid over at the Runway Inn. The next morning, while being transported to the Hialeah yard in a van operated by Runway’s employee, they were injured when the van collided with a Randle Eastern Ambulance.
The crew members sued Seaboard[1] under the Federal Employers’ Liability Act, 45 United States Code, Section 51, et seq., which by its terms makes Seaboard, a common carrier, liable in damages to its employees injured during their employment by a carrier engaged in interstate commerce. Seaboard filed a third-party complaint seeking indemnity against the principals and owners of Runway Inn and Miami Airliner Corporation, the lessee of the van. In a trial to determine only liability of the primary defendants, a jury found Randle Eastern eighty-five per cent and Seaboard fifteen per cent responsible for the injuries to the crew members.[2] Thereafter, in a separate nonjury trial on Seaboard’s third-party indemnity claim, the court entered judgment for the third-party defendants, finding that Seaboard was not entitled to indemnification.
Seaboard appealed this judgment. While that appeal was pending, the trial court entered orders setting trials on the remaining issue of the plaintiff-crew members’ damages. Seaboard, contending that the pendency of its appeal divested the trial court of jurisdiction to proceed with the damage trials, seeks to prohibit the trial court from doing so.
Seaboard argues that our power and authority to decide the issue on the pending appeal will be affected by allowing the damage trials to proceed. It says that if it prevails in its appeal against the third-party defendants after the damage trials have concluded, it will be put to the otherwise unnecessary task of proving damages against the third-party defendants in a separate trial. But even if such a possibility, *497 even probability, existed,[3] the prospect of a future trial between Seaboard and the alleged third-party indemnitors, instead of a single trial which includes all the parties, certainly does not affect our power and authority to make our jurisdiction effective as to the judgment appealed. The subject matter[4] of Seaboard’s pending appeal is whether it is entitled to be indemnified by the third-party defendants. Our power and authority to decide that issue on appeal will not be affected by the upcoming damage trials between the crew members and Seaboard, and, therefore, there is no impediment to the trial court’s jurisdiction to conduct those trials. Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981). See also Carberry v. Foley, 206 So.2d 425 (Fla. 3d DCA 1968).
Writ of prohibition denied.

. The crew members also sued Randle Eastern Ambulance, its driver and insurer. The joinder of and later settlement with these defendants are not pertinent to the issues before us. Seaboard’s employees did not sue Runway Inn or its driver, which they viewed as agents of Seaboard under Seaboard’s agreement with Runway to provide lodging and transportation to Seaboard’s laid over employees.

. Apparently no judgment in favor of the plaintiffs against Randle Eastern and Seaboard has yet been entered on this jury verdict.

. Seaboard’s imagined need for a separate trial is doubtful. The third-party defendants were clearly on notice of the pendency of the suit between the plaintiffs and Seaboard and will be bound by its outcome if not precluded from defending, Hoskins v. Midland Insurance Company, 395 So.2d 1159 (Fla. 3d DCA 1981); Atlantic Coast Development Corporation v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980); MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973); Olin’s Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA 1966); Westinghouse Electric Corporation v. J. C. Penney Company, Inc., 166 So.2d 211 (Fla. 1st DCA 1964); see Allstate Insurance Co. v. A.D.H., Inc., 397 So.2d 928 n. 1 (Fla. 3d DCA 1981). The fact that the third-party defendants are presently favored with a judgment will not prevent the operation of this estoppel if that judgment is later overturned. See Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), affirmed sub nom. Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla.1981).

. Even when the trial court’s action involves the subject matter of the appeal, which it does not in the present case, but is not such as to interfere with the appellate court’s power to make its jurisdiction effective as to the order on appeal, the trial court may still proceed in the absence of a supersedeas. FMS Management Systems, Inc. v. IDS Mortgage Corporation, 402 So.2d 474 (Fla. 4th DCA 1981); Waltham A. Condominium Association v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976).