418 So.2d 1231 (1982)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Stanley S. DAVIDSON and Judith L. Davidson, His Wife, et al., Appellees.
No. 82-422.
District Court of Appeal of Florida, Third District.
September 7, 1982.
Rehearing Denied October 1, 1982.
Robert A. Ginsburg, Dade County Atty. and R.A. Cuevas, Jr., Asst. County Atty., for appellant.
Brigham, Reynolds, Moore, Muir & Gaylord, Miami, and Andrew H. Schuster, Fort Lauderdale, for appellees.
Before NESBITT, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Appeal of amount of compensation award in eminent domain proceeding by Dade County, successful petitioner,[1] operated as a stay of trial proceedings, under Rule 9.310(b)(2), Florida Rules of Appellate Procedure, but did not preclude the trial court from entering a non-final order retaining jurisdiction to tax reasonable costs where, as here, the taxing of costs would not affect or interfere with the subject matter of the plenary appeal or impinge on the appellate court's power and authority to *1232 decide the issues raised.[2]Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981). The jurisdiction of the appellate court is exclusive only as to the subject matter of the appeal. Willey v. W.J. Hoggson Corp., 89 Fla. 446, 105 So. 126 (1925). Although the appeal of an eminent domain award automatically operated as a stay of the proceedings, the trial court may retain jurisdiction to decide matters collateral to the appeal. See Sunrise Beach, Inc. v. Phillips, 181 So.2d 169, 172 (Fla. 2d DCA 1965).
Affirmed.
NOTES
[1] Section 73.091, Florida Statutes (1979) has placed the entire responsibility for costs of a condemnation proceeding on the petitioner.
[2] A cost judgment was not rendered here, so the issue of its reasonableness did not arise. If a cost determination is made after the entry of a final judgment and appeal has already been taken, review of the cost award is available to petitioner by separate appeal. Chatlos v. Hallandale, 220 So.2d 353 (Fla. 1969); League of Mercy Assoc., Inc. v. Walt, 376 So.2d 892 (Fla. 1st DCA 1979).