449 So.2d 290 (1983)
FINST DEVELOPMENT, INC., Appellant,
v.
Isaac BEMAOR, Sergio Goldemberg, David Saul, Vulf Mintz, Luba Mintz and Zelman Mintz, Appellees.
Nos. 83-619, 83-1714.
District Court of Appeal of Florida, Third District.
October 4, 1983.
Stabinski & Funt, P.A., Richard M. Gale, Miami, for appellant.
Fuller & Feingold and John P. Fuller, Miami Beach, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION FOR REVIEW
DANIEL S. PEARSON, Judge.
Finst Development, Inc. appealed a money judgment entered against it and superseded the judgment by posting an appropriate *291 bond. While that appeal (Case No. 83-619) was pending before us, the trial court, having reserved jurisdiction to do so, entered a judgment against Finst for attorneys' fees and costs. After Finst appealed the latter judgment (Case No. 83-1714), the trial court entered an order staying execution of such judgment pending our determination of the necessity of Finst posting a supersedeas bond to obtain a stay. We vacate the stay ordered by the trial court upon a holding that Finst is entitled to stay the enforcement of the judgment for attorneys' fees and costs only if it complies with Florida Rule of Appellate Procedure 9.310(b)(1) by posting a good and sufficient bond as required by the rule.
Finst contends that its posting of a bond superseding the first judgment deprived the trial court of the jurisdiction to enter the later judgment for attorneys' fees and costs. It recognizes, as it must, that the mere fact that the first judgment is on appeal did not deprive the trial court of jurisdiction to enter any further order or judgments in the cause so long as "what the trial court does while the appeal is pending cannot affect or interfere with the subject matter of the appeal, and thus impinge upon the appellate court's power and authority to decide the issues presented to it by the appeal... ." Bailey v. Bailey, 392 So.2d 49, 52 (Fla. 3d DCA 1981). Cf. Seaboard Coast Line Railroad Co. v. Lantz, 405 So.2d 495 (Fla. 3d DCA 1981). Since the act of taxing attorneys' fees and costs does not affect or interfere with the subject matter of the appeal, Dade County v. Davidson, 418 So.2d 1231 (Fla. 3d DCA 1982); Ruby Mountain Construction & Development Corp. v. Raymond, 409 So.2d 525 (Fla. 4th DCA 1982); Bailey v. Bailey, 392 So.2d 49, the trial court had jurisdiction to enter a judgment therefor, unless as Finst contends, the posting of a bond superseding the first judgment deprived it of jurisdiction.
Finst relies on El Prado Restaurant, Inc. v. Weaver, 259 So.2d 524 (Fla. 3d DCA 1972). To be sure, this court in El Prado held that once an appeal from the main judgment was pending and that judgment had been superseded by the posting of bond, the trial court was powerless to conduct subsequent proceedings and enter a judgment for attorneys' fees and costs[1] and that, therefore, the later ineffective judgment need not be superseded, and the order under review, which authorized issuance of execution on the judgment for attorneys' fees and costs unless supersedeas bond was posted, was inoperative.
It is true that, as El Prado states, a supersedeas "stays further proceeding[s] in relation to the judgment until the appellate court acts thereon." Id. at 525. But the "proceeding[s] in relation to the judgment" contemplated by that announced rule are those which seek to enforce the superseded judgment as, for example, by writ of execution, see, e.g., Bacon v. Green, 36 Fla. 313, 18 So. 866 (1894), by writ of garnishment, see, e.g., Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co. v. Barrett, 174 So.2d 417 (Fla. 3d DCA 1965),[2] or by discovery in aid of execution, see, e.g., Fehlhaber v. Fehlhaber, 664 F.2d 260 (11th Cir.1981). See generally 4A C.J.S. Appeal & Error §§ 625-679; 83 C.J.S. Supersedeas §§ 1-12. A proceeding seeking attorneys' fees and costs pursuant to the primary judgment is not a proceeding to enforce the primary judgment, and a supersedeas of such primary judgment does not, any more than the appeal therefrom, divest the trial court of jurisdiction to entertain such proceeding, to enter the ancillary judgment, and to provide for its enforcement unless such ancillary judgment is independently superseded.[3]
*292 Accordingly, the trial court's stay of enforcement of the judgment for attorneys' fees and costs shall remain in effect for seven days from the date hereof, after which Finst shall be entitled to a further stay only if it chooses to post a good and sufficient supersedeas bond in accordance with Florida Rule of Appellate Procedure 9.310(b)(1).
NOTES
[1] The holding in City of Miami Beach v. Cummings, 266 So.2d 122 (Fla. 3d DCA 1972), cert. denied, 273 So.2d 761 (Fla. 1973), is to the same effect.
[2] Bacon and Pennsylvania Threshermen are the only cases relied on in El Prado.
[3] To the extent that El Prado is read to mean that any proceeding related to the judgment cannot be conducted by the trial court pending appeal, it has obviously been receded from in our later cases. See Dade County v. Davidson, 418 So.2d 1231; Bailey v. Bailey, 392 So.2d 49. In Bailey, we noted that "we do not agree that the test to determine loss of jurisdiction ... [is] whether the trial court is proceeding in a matter related to the final judgment ... [but rather] the proper test is whether the trial court is proceeding in a matter which affects the subject matter on appeal." Id. at 52 n. 7 (emphasis in original).