FRANK, Judge.
The former wife in this property distribution contest, Vanessa Young, seeks review of the trial court’s final judgment and an order denying rehearing. The former hus *615 band, John Young, has cross appealed the trial court’s denial of a special equity in the marital home. Seven issues were presented to us. The wife abandoned her challenge to the award of six months of rehabilitative alimony at oral argument, and we find three of her remaining issues, as well as the husband’s claim to a special equity in the home, meritless. We reverse, however, the trial court’s determinations partitioning the marital home and denying the wife an opportunity to prove the reasonable amount of an attorney’s fee.
The trial court’s error in partitioning the marital home stems from the absence in the husband’s petition of allegations, conforming to the requirements of Chapter 64, seeking that form of remedy. Cyphers v. Cyphers, 373 So.2d 442 (Fla. 2d DCA 1979); see also Impellitier v. Impellitier, 371 So.2d 1107 (Fla. 4th DCA 1979). A generally pleaded request for equitable distribution of marital property, as is found here, will not sustain the remedy of partition. Cyphers.
Partition ... whether by separate suit under [Chapter 64], or in a divorce suit consequent upon a divorce decree, should conform to the essential requirements and procedure for partition of the real estate as provided for in the statute. Weinstein v. Weinstein, [148 So.2d 737 (Fla.App.1963)], supra, Helsel v. Helsel, Fla.App.1962, 138 So.2d 99, 100-101. See Gonzalez v. Gonzalez, Fla.App.1963, 156 So.2d 206, 207.
Lubarr v. Lubarr, 199 So.2d 123, 125 (Fla. 3d DCA 1967).
The trial court was not justified in granting the husband’s motion to strike the wife’s request for a determination of her attorney’s fee. The grounds relied upon by the trial court for its ruling were the wife’s attorney’s failure then to have available a witness capable of testifying to a reasonable fee and the absence of an agreement contemplating consideration of the fee question at a later time. We are not aware of any rule of law requiring that evidence supporting an award of an attorney’s fee in a matter of this kind be developed during trial of the property issues. Although it is true that a residual power to award an attorney’s fee does not exist once the final judgment has been entered, Bailey v. Bailey, 392 So.2d 49, n. 5 (Fla. 3d DCA 1981), the trial court may reserve jurisdiction for that purpose. Id. Thus, the question here which we answer affirmatively is whether the trial court abused its discretion in foreclosing the wife’s ability to offer proof of a reasonable fee at a subsequent time. Indeed, the record reflects that within moments after granting the husband's motion to strike, the trial court scheduled a further hearing to permit the parties to argue their respective positions. An opportunity remained for such proof to be tendered the trial court prior to the entry of the final judgment.
Accordingly, we reverse and vacate the final judgment to the extent it denies the wife’s attorney’s fee and directs partitioning of the marital home. We remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and SANDERLIN, J.,, concur.
ON MOTION FOR CLARIFICATION
FRANK, Judge.
The ex-wife in the above-styled proceeding has sought clarification of our opinion.
We grant the motion. Reference to our decision in Everett v. Everett, 422 So.2d 20 (Fla. 2d DCA 1982), was inadvertently omitted. Everett is applicable to the instant matter. Thus, the ex-wife, who was awarded sole possession of the marital home and is responsible for mortgage and insurance payments, is entitled as a tenant in common with the ex-husband to credit for one-half of the payments upon sale of the property.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.