PER CURIAM.
We treat the matters now before this court as a petition for writ of certiorari. We grant the petition.
Schwab & Twitty Architects, Inc. appealed a judgment against it. That appeal is presently before this court, but not a part of this action. Schwab & Twitty Architects, Inc. v. Old Port Cove Lake Park Tower Condominium Association, Case Number 87-3013. During the pendency of that appeal, the trial court entered a cost judgment against Schwab & Twitty Architects, Inc. Schwab & Twitty Architects, Inc. obtained a supersedeas bond for the cost judgment.
Schwab & Twitty Architects, Inc. now complains that the trial court erred in denying its motion to stay execution of the cost judgment and in authorizing the disbursement of the cost judgment. We agree that the securing of a supersedeas bond for the cost judgment stripped the trial court of its authority to grant or deny the stay, or to grant the execution order. First Development Inc. v. Bemaor, 449 So.2d 290 (Fla. 3d DCA 1983).[1] . Such error constituted a departure from the essential requirement of law, not capable of remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Accordingly, we grant the petition for writ of certiorari and quash the order disbursing the cost judgment.
DOWNEY, LETTS and GUNTHER, JJ., concur.

. Although the facts in Bemaor create a different result, the holding is applicable sub judice. In Bemaor, the supersedeas bond was filed in the main action, rather than in the cost judgment as here. See Haddad, Jurisdiction of a Trial Court Pending Appeal, 63 Florida Bar Journal 21 (July/August 1989).