391 So.2d 305 (1980)
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Appellant,
v.
Walter J. KELLIN and Dorothy E. M. Kellin, His Wife, and W. E. Brenner, Appellees.
No. 79-1673.
District Court of Appeal of Florida, Fourth District.
December 10, 1980.
*306 Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellant.
Roger L. Brown of Bird, Carpenter & Brown, P.A., Fort Lauderdale, for appellees.
HERSEY, Judge.
This appeal from a Partial Final Judgment entered after Summary Judgment involves the interpretation of language in an insurance policy establishing an exclusion from coverage.
The judgment is labelled "partial" because of a reservation of jurisdiction to award fees and costs at a later time. This does not affect the finality of the judgment for purposes of appeal. Chipola Nurseries, Inc. v. Division of Administration, State Department of Transportation, 335 So.2d 617 (Fla. 1st DCA 1976); 3 Fla.Jur.2d, Appellate Review § 56 (1978).
Appellees obtained from appellant, through its agent, a homeowner's insurance policy which contained the following exclusion from coverage:
7. [loss] by windstorm or hail to the following property, unless liability therefor is assumed by endorsement hereon: ... (6) loss to screening and supports enclosing or partially enclosing pools, patios or other areas, whether a separate structure or attached to a building; but this exclusion shall not be construed to exclude loss to screening and supports of porches which are a part of dwellings.
By endorsement this provision was deleted and a new provision containing the following language was substituted:
to the following property unless liability therefor is assumed by endorsement hereon: (1) any overhead structure (including its supports and screening), whether attached to a building or not, whose roof-like cover is constructed principally of cloth, metal, fiberglass or plastic, which has been erected to provide protection from the elements for windows, doors, stoops, steps, walkways, patios, carpets and other dining and/or recreational areas; (2) fences; (3) seawall, property line and similar walls; (4) greenhouses, hothouses, slathouses, trellises, pergolas, cabanas and outdoor equipment pertaining to the service of the premises; (5) wharves, docks, piers, boathouses, bulkheads or other structures located over or partially over water and the property therein or thereon.
Appellees suffered storm damage to their swimming pool enclosure which was constructed of screening over a rectangular frame. Appellant refused to compensate for this damage, taking the position that the screened enclosure came within the exclusion from coverage as a structure erected to provide protection from the elements.
The issue of damages having been resolved separately, the question of liability was considered on motion for summary judgment. The trial court entered an order providing:

*307 3. That the policy provisions cited by counsel for the respective parties does not clearly preclude the damage suffered to the screen enclosure surrounding the Plaintiffs' pool (7 under Additional Exclusions as amended by HO-245 SW).
The inquiry here is limited to whether or not the purpose of a screen enclosure around a swimming pool is to afford protection from the elements thus bringing the structure within the exclusionary language.
There are two principles which guide our deliberations involving the interpretation of exclusions from coverage in an insurance policy. The first is that terms shall be considered and understood in their plain and ordinary sense. The second is that exclusionary language is to be construed most strongly against the insurer where more than one interpretation may be fairly given to the language used. Stuyvesant Insurance Company v. Butler, 314 So.2d 567 (Fla. 1975); Ward v. Nationwide Mutual Fire Insurance Company, 364 So.2d 73 (Fla.2d DCA 1978).
The parties agree in the briefs that the term "elements" refers to weather, weather conditions and the forces of nature such as fire, air, earth, water and wind.
The quarrel arises over the term "screen." Appellant argues, supported by definitions from various sources, that a screen may have as one of its purposes protection from the sun, wind and rain. Appellees contend that the word "screen" in its plain and ordinary sense refers to a plastic or metal barrier against insects.
The American Heritage Dictionary of the English Language, 1166 (1st ed. 1969) gives one definition of a screen as "a window insertion of framed wire or plastic mesh used to keep out insects."
We find that the plain and ordinary sense of the word screen, with reference to residential buildings and pool enclosures, has as its primary connotation, protection from mosquitoes and other pests rather than protection from "the elements." We also observe that the original language specifically excluded pool enclosures, where the substituted language does not. Comparing the two provisions a prospective insured could fairly conclude that the purpose of amending the policy by endorsement was to provide coverage for pool enclosures by narrowing the exclusion.
We affirm the judgment and remand for such further proceedings as may be appropriate with regard to costs and attorneys' fees.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.