SHARP, Judge.
Petitioners ask this court to review, by writ of certiorari, three post-judgment orders entered by the trial court while the judgment was being appealed.[1] We elect to treat this matter as an appeal from nonfi-nal orders pursuant to Florida Rule of Appellate Procedure 9.130(a)(4)[2] and we affirm the orders of trial court.
Petitioners first challenge the trial court’s holding them in contempt for not complying with the final judgment. However, Petitioners filed their petition for cer-tiorari more than thirty days after the trial court’s order was rendered. Therefore, we lack jurisdiction to review it. Lawrence v. Orange County; 404 So.2d 421 (Fla. 5th DCA 1981). As to the two remaining orders, the petition was timely filed.
The second order relates to discovery efforts by the respondents to enable enforcement of the judgment. The petitioners never filed a supersedeas bond or otherwise gained a stay against the enforcement of the judgment. The order appears to us to be a proper order to assist enforcement of the final judgment. It was designed to end apparent dilatory tactics on the part of petitioners. An appeal without supersedeas does not deprive the trial court of its authority to enforce the judgment. Glasser v. Hackett, 37 Fla. 358, 20 So. 532 (1896); Weintrab v. Weintrab, 390 So.2d 824 (Fla. 1st DCA 1980).
*527 The third order awarded respondents costs, pursuant to the appealed final judgment, and as part of the order the trial court awarded attorney’s fees pursuant to section 57.105 in connection with petitioners’ motion for rehearing because it was frivolous and had been filed solely for the purpose of delay. We conclude the appeal of the final judgment did not deprive the trial court of jurisdiction to make such awards. Roberts v. Askew, 260 So.2d 492 (Fla.1972). These actions by the trial court would not affect or interfere with the subject matter of the appeal and thus impinge on the appellate court’s power and authority to decide the issues presented to it by the appeal. Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981). But see Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979).
AFFIRMED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. That appeal has now been dismissed by order of this Court because of the petitioners’ continuing willful refusal to comply with the requirements of the final judgment.

. Roberts v. Askew, 260 So.2d 492 (Fla.1972); see Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981).