tion Policy as set forth in 49 U.S.C. § 10101 and the various provisions of the Motor Carrier Act of 1980. Pub.L. 96–296, July 1, 1980, 94 Stat. 793. We perceive no such lack of consideration. In this connection, the Fifth Circuit in *Gamble v. I.C.C.,* 636 F.2d 1101, 1103 (5th Cir.1981) commented as. follows:

> The Motor Carrier Act of 1980 does not alter this basic statutory scheme. It does, however, revise the standard to be applied by the Commission in making permanent licensing decisions. The principal goals of the legislation, as reflected in the amendments to the National Transportation Policy, 49 U.S.C.A. § 10101, and to the section of permanent licensing, 49 U.S.C.A. § 10922, are to promote greater competition by allowing easier carrier entry, to simplify and expedite the certification process, and to lessen restrictions on motor carrier operations.

Decision affirmed.

Frank H. Alvarez, Miami, Fla., for defendants-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before FAY and VANCE, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

The Petition for Rehearing, insofar as the same is addressed to the panel,[1] is DENIED. A review of the record and the briefs, along with statements made by counsel during oral argument, convinces us that it would have been absolutely futile for the appellees to have raised a claim of duress or coercion in the administrative proceedings.

**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Samuel SANCHEZ and Francisco Armendaris, Defendants-Appellees.**

**No. 82–5302.**

United States Court of Appeals, Eleventh Circuit.

June 16, 1983.

Stanley Marcus, U.S. Atty., Robert A. Rosenberg, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Rule 26(F) of our Local Rules provides that, "A suggestion for rehearing en banc will also be treated as a petition for rehearing before the original panel."