PER CURIAM.
The appellant insurance company contends that it does not have to pay “actual cash value” upon a loss of a vehicle because the insured had previously obtained the vehicle at a price less than “actual cash value”. The policy in pertinent part reads as follows:
AUTOMOBILE PHYSICAL DAMAGE INSURANCE (DEALERS)
¡fc # * * ⅜ *
1. The company will pay for loss to covered vehicles, under:
Jfc Sfc ⅜? ⅜5 ⅝
12. THEFT COVERAGE — caused by theft or larceny;
* * ⅝ ⅜ * *
EXCLUSIONS
This insurance does not apply:
⅜: * ⅝: # * ⅝*
(i) to the named insured’s prospective profit of any nature;
⅝ ⅜ ⅜ ⅝: ⅜: ⅝5
II. LIMIT OF LIABILITY I. The limit of the company’s liability for loss to any one covered automobile shall not exceed:
(a) the actual cash value of such covered automobile ...; nor
(b) what it would then cost to repair or replace such covered automobile ... with other of like kind and quality ...
The insurance company contends that exclusion (i) prevents the insured from collecting more than it paid for the vehicle and to give “actual cash value” would give the insured a profit. We reject this argument and construe the policy exclusion in reference to “prospective” profit to mean profit which might be earned with the vehicle subsequent to the date of the loss. National Automobile Insurance Association v. Brumit, 98 So.2d 330 (Fla.1957); General Accident Fire & Life Assurance Corporation, Ltd., v. Kellin, 391 So.2d 305 (Fla. 4th DCA 1980); Hartford Accident and Indemnity Company v. Phelps, 294 So.2d 362 (Fla. 1st DCA 1974).
All parties concede that the judgment for the loss should be in the amount of $2,950. and we do hereby modify the final judgment in this regard to that amount.
Therefore the final judgment is affirmed as modified.
Affirmed as modified.