460 So.2d 940 (1984)
Jean GRASLAND and Jeanine Grasland, Appellants,
v.
TAYLOR WOODROW HOMES LIMITED, a Corporation Organized under the Laws of the United Kingdom Authorized to Do Business in the State of Florida, Appellee.
No. 84-1189.
District Court of Appeal of Florida, Second District.
December 5, 1984.
*941 Philip S. Prosch of Lee & Surfus, Sarasota, for appellants.
Theodore C. Eastmoore of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellee.

ON REHEARING OF ORDER OF DISMISSAL
GRIMES, Acting Chief Judge.
On December 6, 1983, the court entered a final judgment on the pleadings in favor of the appellee. The judgment noted that the pleadings affirmatively showed that there was an absence of a justiciable issue of either law or fact. The court reserved jurisdiction to assess court costs and attorney's fees against the appellants. The appellants did not seek to appeal this judgment. Thereafter, on May 2, 1984, the court entered a final judgment for appellee for $1,500 attorney's fees under section 57.105, Florida Statutes (1983).
Appellants filed a timely appeal from the May 2, 1984, judgment. In their brief, appellants' arguments were directed only to the propriety of the judgment on the pleadings. Appellants made no attack upon the award of attorney's fees. Appellee then moved to dismiss the appeal asserting that appellants were precluded from contesting matters encompassed by the December 6, 1983, judgment because they had not appealed from that judgment. Appellants responded that the December 6, 1983, judgment was interlocutory since the court had reserved jurisdiction to award attorney's fees. Therefore, they argued that they had the right to raise all issues in their appeal from the May 2, 1984 judgment.
Appellants rely primarily upon Florida Farm Bureau Casualty Insurance Co. v. Fichera, 385 So.2d 183 (Fla. 4th DCA 1980), which seems to hold that a final judgment which reserves the right to set attorney's fees is a nonfinal order and cannot be the subject of a plenary appeal. If so, the case would appear to conflict with that court's earlier opinion in Insurance Company of North America v. Welch, 266 So.2d 164 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 77 (Fla. 1973), which held that a judgment reserving only the right to award attorney's fees was a final judgment. In Welch the court ruled that in an appeal from the later award of attorney's fees it could not reach the substantive issues *942 decided by the earlier final judgment. Other courts have implicitly accepted the view expressed by Welch when they have considered whether a court which has reserved in its judgment jurisdiction to award attorney's fees may proceed to make the award while an appeal from the judgment is still pending. See, e.g., Ruby Mountain Construction & Development Corp. v. Raymond, 409 So.2d 525 (Fla. 5th DCA 1982); Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981); Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla.2d DCA 1979). Cf. Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976) (upholding the entry of a partial judgment of dissolution from which a plenary appeal may be taken).
We need not enter these troubled waters to decide the instant case. Ordinarily, a claim for attorney's fees must be specifically pled and is considered a substantive part of the recovery. State ex rel. Royal Insurance Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924). Attorney's fees are properly costs only when authorized by contract or statute. Giachetti v. Johnson, 308 So.2d 143 (Fla.2d DCA 1975). In Allen v. Estate of Dutton, 384 So.2d 171 (Fla.5th DCA), petition for review denied, 392 So.2d 1373 (Fla. 1980), the court held that attorney's fees may be awarded under section 57.105, Florida Statutes, as part of costs. The court reasoned that by incorporating this statute into chapter 57, which deals with "court costs," the legislature intended to treat such an award as costs. This ruling is consistent with the reality that a claim for attorney's fees under this statute is seldom pled and cannot be determined until the court examines the merits of the losing party's position. We, therefore, adopt the view of our sister court and hold that attorney's fees awarded under section 57.105 should be treated as costs.
A reservation of jurisdiction to award costs does not affect the finality of a judgment. See Roberts v. Askew, 260 So.2d 492 (Fla. 1972). Therefore, the appellants could have appealed the December 6, 1983, judgment. By failing to do so, they cannot now raise matters concluded by that judgment in their appeal from the May 2, 1984, judgment. We grant appellee's motion and dismiss the appeal.
SCHEB and SCHOONOVER, JJ., concur.