**CERTAIN BRITISH UNDERWRITERS AT LLOYDS OF LONDON, ENGLAND, etc., et al., Plaintiffs-Appellants,**

v.

**JET CHARTER SERVICE, INC., and Aeroservice International, Inc., Defendants-Appellees.**

No. 84–5213.

United States Court of Appeals, Eleventh Circuit.

Aug. 3, 1984.

Opinion on Rehearing Dec. 13, 1984.

Thornton, David & Murray, P.A., J. Thompson Thornton, Miami, Fla., for plaintiffs-appellants.

Robert G. David, Jr., McDonald & McDonald, Miami, Fla., for Jet Charter Service.

William E. Sadowski, Akerman, Senterfitt & Eidson, Miami, Fla., for Aeroservice Intern.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

BY THE COURT:

While Aeroservice was servicing one of Jet Charter's jets, the jet fell off its supporting jacks and suffered damage. Aeroservice's insurer, Underwriters, filed this diversity action against Jet Charter and Aeroservice seeking a declaratory judgment that the incident was not covered under its contract of insurance with Aeroservice. The district court granted Jet Charter's and Aeroservice's motions for summary judgment but reserved jurisdiction to consider an award of attorney's fees against Underwriters and in favor of Aeroservice. Florida law allows the award of attorney's fees in favor of the insured upon rendition of a judgment against the insurer and in favor of the insured.[1]

---

1. *See* Fla.Stat.Ann. § 627.428 (1972 & West Supp.1984):

627.428. Attorney's fee

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or ben-

Aeroservice moves to dismiss Underwriters' appeal. Aeroservice contends that the grant of summary judgment without an award of attorney's fees is not a final, appealable order under 28 U.S.C. § 1291. As this court recognized in *McQurter v. City of Atlanta*, 724 F.2d 881, 882 (11th Cir.1984), whether an order that resolves all issues in a case but leaves the award of fees open is a final, appealable order depends on the circumstances:

> "When attorney's fees are similar to costs ... or collateral to an action ..., a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment."

(quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir.1982)), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983).

In *Oxford Production Credit Association v. Duckworth*, 689 F.2d 587, 588–89 (5th Cir.1982), the Fifth Circuit considered whether an order resolving all issues in the case but postponing an award of contractual attorney's fees for suit on a promissory note was a final, appealable order. The court looked to state law in that diversity case to determine that fees arising by contract were a part of the controversy and "an integral part of the merits," in the language of *Holmes*. *Id.* at 589 & n. 3.

We thus look to Florida law to determine whether the award of fees to a prevailing insured under the statute is part of the costs and collateral to the main claim or "an integral part of the merits of the case and the scope of relief" and "part of any final, appealable judgment." *McQurter*, 724 F.2d at 882. In *Prudential Insurance Co. v. Lamm*, 218 So.2d 219, 220 (Fla.Dist. Ct.App.) (citing *State ex rel. Royal Insurance Co. v. Barrs*, 87 Fla. 168, 99 So. 668, 669 (1924)), *cert. denied*, 225 So.2d 529 (Fla.1969), the court noted that "attorney's fees recoverable by statute are to be re-garded as 'costs' only when made so by statute. Otherwise, they are to be treated as an element of damages." Here the statute provides that "fees of the attorney shall be included in the judgment or decree rendered in the case." *See supra* note 1. The attorney's fees are not costs and are not collateral to the main action. Rather fees awarded under section 627.428 are an integral part of the merits of the case and must be part of any final judgment.

The appeal is DISMISSED.

Certain British Underwriters at Lloyds of London, England, etc., et al., petition this court for a rehearing of the panel's decision dismissing Underwriters' appeal for lack of a final judgment. 739 F.2d 534. The parties have briefed the issues raised by the petition. We deny the petition but modify the panel decision by deleting the final two paragraphs and substituting the following:

This test, then, creates three categories of attorney's fees. First is "costs." A recent Florida case defines costs as "statutory allowances recoverable by a successful party as an incident to the main adjudication [which] need not be specifically pled or claimed." *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38 (Fla.App. 1st Dist.1984). Second, the fees may be "collateral." The Eighth Circuit case which *Holmes*, 682 F.2d 1143 (5th Cir.1982), relies on to illustrate this concept, *Obin v. District No. 9 of the International Association of Machinists*, 651 F.2d 574 (8th Cir. 1981), decided that the fees there were collateral because they (a) were not available simply because a party prevailed but further required proof that the plaintiff had brought a frivolous, unreasonable or bad faith action, (b) therefore required a consideration of factors entirely distinct from the underlying judgment, and (c) were discretionary. *Id.* at 581. Finally, fees may be "an integral part of the merits." *Holmes* suggested that such fees are "part of the relief sought," or "an element of damages." 682 F.2d at 1147.

In this diversity action state law governs which of these three categories applies. *See Duffer v. American Home Assurance*

eficiary's attorney prosecuting the suit in which the recovery is had.

(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer.

(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

*Co.*, 512 F.2d 793, 800 (5th Cir.1975); *see also Oxford Production Credit Association v. Duckworth*, 689 F.2d 587, 588–89 (5th Cir.1982). We thus turn to *Prudential Insurance Co. v. Lamm*, 218 So.2d 219 (Fla.App. 3d Dist.), *cert. denied*, 225 So.2d 529 (Fla.1969), the Florida case most directly on point. *Prudential* considered whether an award of attorney's fees should be included in calculating the amount of the judgment. If so, the trial court had exceeded its jurisdictional limitation of $5,000, exclusive of interests and costs. The court ruled that the fees must be included, stating that "attorney's fees recoverable by statute are to be regarded as 'costs' only when made so by statute. Otherwise, they are to be treated as an element of damages." Thus, concluded the court, since Fla.Stat. Sec. 627.0127 "does not specifically provide that attorney's fees are to be regarded as costs, we must consider them as an element of the plaintiff's damages...." *Id.* at 220. Sec. 627.0127 is the predecessor of 627.428 and the provisions of both do not significantly differ.

■ Under the *Holmes* test, then, an award of attorney's fees under Sec. 627.428 is "an integral part of the merits" and must be part of any final judgment. Florida cases holding that the finality of the judgment is affected neither by the reservation of jurisdiction in regard to attorney's fees, *General Accident Fire & Life Assurance Corp., Ltd. v. Kellin*, 391 So.2d 305 Fla.App. 4th Dist.1980), nor by the filing of notice of appeal, *Roberts v. Askew*, 260 So.2d 492 (Fla.1972), are not to the contrary. These cases establish rules of state procedure which, unlike the rule of substantive law in *Prudential*, are not binding in a federal diversity case.

Accordingly, the appeal is DISMISSED.