489 So.2d 208 (1986)
The TRAVELERS INDEMNITY COMPANY, a Foreign Corporation, Appellant,
v.
Jacqueline HUTCHINS, Appellee.
No. 86-490.
District Court of Appeal of Florida, Second District.
May 30, 1986.
Kenneth C. Whalen of Whalen & Morlan, Tampa, for appellant.
Joseph D. McFarland of McFarland & Staab, P.A., St. Petersburg, for appellee.

ON MOTION TO DISMISS
GRIMES, Acting Chief Judge.
In this suit for declaratory judgment, the court entered a final judgment after default against the Travelers Insurance Company on June 25, 1985. In the judgment, the court reserved jurisdiction to award attorney's fees. On July 17, 1985, Travelers moved to set aside the default. The court denied this motion on August 19, 1985. Hutchins filed a motion for attorney's fees on October 1, 1985, and on January 27, 1986, the court entered an order awarding Hutchins attorney's fees in the amount of $12,012.75. Travelers filed its notice of appeal on February 21, 1986.
In its brief, Travelers raises two points; the first assails the refusal to set aside the default and the second attacks the calculation of attorney's fees. Hutchins now moves to dismiss the appeal as it relates to the first point on the premise that Travelers failed to file a timely appeal from either the final judgment or the order denying the motion to set aside the default.
Travelers contends that the judgment was interlocutory since the court reserved jurisdiction to award attorney's fees. Thus, it argues that it has the right to raise all issues in the appeal from the order on attorney's fees pursuant to Florida Rule of Appellate Procedure 9.130(g).
In considering similar arguments in Grasland v. Taylor Woodrow Homes, Ltd., 460 So.2d 940 (Fla. 2d DCA 1984), petition for review denied, 471 So.2d 43 (Fla. 1985), we said:
Appellants rely primarily upon Florida Farm Bureau Casualty Insurance Co. v. Fichera, 385 So.2d 183 (Fla. 4th DCA 1980), which seems to hold that a final judgment which reserves the right to set attorney's fees is a nonfinal order and cannot be the subject of a plenary appeal. If so, the case would appear to conflict with that court's earlier opinion in Insurance Company of North America v. Welch, 266 So.2d 164 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 77 (Fla. 1973), which held that a judgment reserving only the right to award attorney's fees was a final judgment. In Welch the court ruled that in an appeal from the later award of attorney's fees it *209 could not reach the substantive issues decided by the earlier final judgment. Other courts have implicitly accepted the view expressed by Welch when they have considered whether a court which has reserved in its judgment jurisdiction to award attorney's fees may proceed to make the award while an appeal from the judgment is still pending. See, e.g., Ruby Mountain Construction & Development Corp. v. Raymond, 409 So.2d 525 (Fla. 5th DCA 1982); Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981); Wilson Realty, Inc. v. David, 369 So.2d 75 (Fla. 2d DCA 1979). Cf. Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976) (upholding the entry of a partial judgment of dissolution from which a plenary appeal may be taken).
460 So.2d at 941-42. However, in Grasland we avoided the precise issue because the attorney's fees in that case, which were awarded under section 57.105, Florida Statutes (1983), were deemed to be costs and the reservation of jurisdiction to award costs does not affect the finality of a judgment. We cannot decide the instant case on this basis because here the attorney's fees which were awarded under section 627.428, Florida Statutes (1985), could not be considered as costs.
In support of its position that it is entitled to argue all issues, Travelers cites Certain British Underwriters v. Jet Charter Service, Inc., 739 F.2d 534 (11th Cir.1984), which dismissed an appeal from a judgment in favor of an insured against its insurance company because of the lower court's pending reservation of jurisdiction to award attorney's fees. In reaching its conclusion, the court first cited federal law for the proposition that where attorney's fees are an integral part of the merits of the case and the scope of the relief they cannot be characterized as collateral, and their determination is a part of any final appealable judgment. The court then turned to the law of the state where the suit arose and interpreted Florida law as holding that an award of attorney's fees under section 627.428 was an integral part of the merits which must be a part of any final judgment.
Hutchins argues that the Florida Supreme Court in Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), has interpreted the Florida law on this subject in a manner different from Certain British Underwriters. In Finkelstein the defendants suffered a judgment against them for medical malpractice from which they did not appeal. Three days after the appeal time expired, the plaintiffs moved for recovery of attorney's fees as provided by statute to be awarded to the "prevailing party." The district court of appeal reversed the award of attorney's fees on the premise that the court's order was void for lack of jurisdiction. On petition for review, the supreme court held that the trial court had jurisdiction to award the attorney's fees after the appeal time had expired even though the final judgment had not reserved jurisdiction to do so. The importance of that decision to the case at hand is the supreme court's reasoning that the postjudgment motion for prevailing party attorney's fees, as contrasted to attorney's fees in dissolution proceedings, raises a "collateral and independent claim" because the prevailing party cannot be determined until the main claims have been tried and resolved.
While section 627.428, Florida Statutes (1985), does provide that the judgment of attorney's fees for an insured against its carrier shall be included in the final judgment, that statute is nevertheless similar to prevailing party attorney's fee statutes insofar as the entitlement to attorney's fees cannot be determined until the outcome of the main claims has been determined. Thus, we see no difference in the statutes as they relate to finality of the judgments. The fact that the judgment contains a reservation of jurisdiction to award attorney's fees does not prevent the judgment from being final for purposes of appeal. General Accident Fire & Life Assurance Corp. v. Kellin, 391 So.2d 305 (Fla. 4th DCA 1980). Therefore, we hold that in order to obtain review of the substantive aspects of the final judgment, Travelers had to file a *210 timely appeal from that judgment. Since it has taken an appeal only from the order awarding attorney's fees, its arguments must be limited to the propriety of that order.
We strike point one of Travelers' brief which relates to the substantive aspects of the final judgment.
SCHOONOVER and HALL, JJ., concur.