UNITED STATES of America, Plaintiff-Appellant,

v.

Francisco ARMENDARIS, Defendant-Appellee.

No. 85–5164.

United States Court of Appeals, Eleventh Circuit.

June 3, 1986.

Stanley Marcus, U.S. Atty., Jon May, Linda Collins-Hertz, Asst. U.S. Attys., Mi-ami, Fla., Robert Kendall, Office of Immigration Litigation, Washington, D.C., for plaintiff-appellant.

Frank H. Alvarez, Miami, Fla., for defendant-appellee.

Before FAY, CLARK and NIES [*], Circuit Judges.

PER CURIAM:

In this appeal, the United States of America seeks reversal of the district court's final judgment in favor of appellee, Francisco Armendaris, in an action arising out of the nonpayment of a fine assessed against Armendaris for transporting fourteen undocumented Cuban aliens into Southern Florida during the Mariel boatlift. After a trial on the merits, the district court found that Armendaris acted under duress and coercion by the Cuban authorities and was therefore not liable for the fine imposed under 8 U.S.C. § 1323 (1982).[1] We affirm.

## FACTS AND PROCEDURAL BACKGROUND

The basic facts of this action are undisputed. In April of 1980, during the early phases of the Mariel boatlift,[2] Armendaris, a New Jersey accountant, and his brother-in-law Nelson Aguilar traveled from Key West, Florida to Mariel Harbor, Cuba in order to bring out family members. Upon arrival in Mariel Harbor, Armendaris gave Cuban authorities a list of the relatives he sought to bring back to the United States. He was unable, however, to secure release of his relatives and Armendaris and Aguilar left Mariel Harbor without incident. On or about May 11, 1980 Armendaris and

---

[*] Honorable Helen W. Nies, U.S. Circuit Judge for the Federal Circuit sitting by designation.

[1] 8 U.S.C. § 1323(a) (1982) provides that "[i]t shall be unlawful for any person ... to bring to the United States from any place outside thereof (other than from foreign contiguous territory) any alien who does not have an unexpired visa...." Section 1323(b) provides for a civil penalty of $1,000 for each such alien brought to the United States.

[2] For a general history of the 1980 Mariel boatlift see *Pollgreen v. Morris,* 770 F.2d 1536, 1538–40 (11th Cir.1985).

Aguilar left Key West for a second voyage to Mariel. Upon arrival, Armendaris once again gave Cuban authorities a list of relatives he wished to bring back to the United States. This time the authorities produced the ten relatives specified on Armendaris' second list. Four relatives were placed aboard Armendaris' boat, "The Drumstick," and the remaining six were placed aboard another boat. In addition to Armendaris' relatives, however, the authorities forcibly placed ten other Cuban nationals aboard "The Drumstick." When Armendaris protested, he was threatened that if he did not transport the ten additional Cuban nationals no one would be allowed out of the harbor. On May 27, 1980 "The Drumstick," carrying the fourteen undocumented Cubans, landed at Key West and Armendaris was there served by the Immigration and Naturalization Service ("INS") with Form I–79, Notice of Intention to Fine.[3] Armendaris did not file a response to the I–79 notice or otherwise participate in the administrative proceedings initiated thereon. Accordingly, the District Director of the INS entered an order fining Armendaris $14,000. See 8 C.F.R. § 280.13(a) (1985). When Armendaris failed to pay the fine, the United States brought this collection action in the district court.

In his answer to the complaint, Armendaris raised a number of defenses, including a defense of duress and coercion exerted upon him by the Cuban authorities present at Mariel Harbor.[4] The United States moved for summary judgment as-

serting that Armendaris was precluded from raising defenses in the district court which were not raised administratively, and that, in any event, the defense of duress and coercion does not provide a basis for mitigation of a penalty imposed pursuant to 8 U.S.C. § 1323(b). The district court denied the summary judgment motion. United States v. Sanchez, 520 F.Supp. 1038 (S.D.Fla.1981).[5] The district court found that the defense of duress and coercion "would at least provide a basis for mitigation [of the fines] in these cases; even though not expressly so provided in the statute." Id. at 1040 (citation omitted). The district court also concluded that despite Armendaris' failure to raise the defense of duress and coercion administratively he was not foreclosed from raising it in the district court as raising the defense before the INS may well have been futile. Id. at 1041.

The district court subsequently certified its order denying the summary judgment motion for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) (1982). This court granted leave to appeal and, in an unpublished opinion, we affirmed the district court "based upon and for the reasons set forth in [the district] court's order denying ... summary judgment."[6] See United States v. Sanchez, 703 F.2d 580 (11th Cir. 1983). We also denied the United States' petition for rehearing and petition for rehearing en banc, concluding that "it would have been absolutely futile for [Armendaris] to have raised a claim of duress or

**3.** The Notice of Intention to Fine informed Armendaris of the $1,000 fine for each undocumented alien he brought into the United States in violation of 8 U.S.C. § 1323; of his right to file a written defense within a period of thirty days; and of his right to a personal interview.

**4.** Armendaris also filed a counterclaim against the United States for damages he allegedly suffered as a result of the seizure of his boat. In its final judgment, the district court denied the counterclaim on the merits. United States v. Armendaris, 600 F.Supp. 119, 124 (S.D.Fla. 1984).

**5.** For purposes of its order denying summary judgment, the district court combined Armen-

daris' case with the case of Samuel Sanchez wherein the United States filed a similar motion for summary judgment. See United States v. Sanchez, 520 F.Supp. 1038, 1039 (S.D.Fla.1981). Like Armendaris, Sanchez participated in the Mariel boatlift; was charged with nonpayment of a fine imposed pursuant to 8 U.S.C. § 1323; and asserted the defense of duress and coercion. These cases were also subsequently combined for purposes of the interlocutory appeal.

**6.** In the subsequent cases of United States v. Blanco, 754 F.2d 940 (11th Cir.1985) and Pollgreen v. Morris, 770 F.2d 1536 (11th Cir.1985) we elaborated upon the availability of the defense of duress and coercion to the imposition of fines under 8 U.S.C. § 1323.

coercion in the administrative proceedings." *United States v. Sanchez*, 709 F.2d 1353 (11th Cir.1983).

Trial was held on November 9, 1984 and the district court, ruling from the bench, denied the United States' claim, finding that Armendaris acted under duress and coercion. Armendaris subsequently filed a motion for attorney's fees. On December 27, 1984 the district court issued its memorandum opinion and final judgment, *United States v. Armendaris*, 600 F.Supp. 119 (S.D.Fla.1984), from which the United States filed a notice of appeal. Armendaris moved to strike the notice of appeal contending it was ineffective because his motion for attorney's fees was still pending before the district court. The district court denied Armendaris' motion for attorney's fees on March 6, 1985. Thereafter, this court ordered that the motion to strike be carried with the case on appeal.

## DISCUSSION

a. Motion to Strike.

■ We address at the outset Armendaris' motion to strike the notice of appeal. Armendaris argues that his motion for attorney's fees falls within the class of post-judgment motions covered by Fed.R.App.P. 4(a)(4)[7] and, therefore, the district court's final judgment was not an appropriate final order subject to appeal. We disagree.

As this court recognized in *McQurter v. City of Atlanta*, 724 F.2d 881, 882 (11th Cir.1984), the issue of whether an order that resolves all issues in a case with the exception of attorney's fees is a final appealable order depends upon the circumstances of each case. "When ... attorney's fees are an integral part of the merits of [a] case and the scope of relief," rather than collat-

eral to the main adjudication, then "their determination is a part of any final, appealable judgment." *Id.* (quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)).

In the instant case, the request for attorney's fees was not part of the relief sought and was independent from the merits of the underlying cause of action—the collection of the section 1323 fine. Instead, the request for attorney's fees was made pursuant to 28 U.S.C. § 2412(d)(1)(A) (1982) (repealed 1984), after the final judgment was entered. Under this statute the awarding of attorney's fees to a prevailing party, other than the United States, in a suit brought by or against the United States is discretionary with the court, and depends upon whether the United States' position in the litigation was "substantially justified." *Id.* It is clear that such a determination is collateral to the judgment on the merits under the three part test set forth in *Certain British Underwriters v. Jet Charter Service, Inc.*, 739 F.2d 534 (11th Cir.1984). In that case this court stated that fees are collateral where "they (a) were not available simply because a party prevailed but further required proof that the plaintiff had brought a frivolous, unreasonable or bad faith action, (b) therefore required a consideration of factors entirely distinct from the underlying judgment, and (c) were discretionary." *Id.* at 535. Accordingly, we find that Rule 4(a)(4) does not apply under the circumstances here as Armendaris' motion for attorney's fees was not integral to the merits of this action. The district court's final judgment is, thus, a final appealable order.

---

**7.** Fed.R.App.P. 4(a)(4) provides in pertinent part:

    If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or

(iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

b. Finding of Duress and Coercion.

 Having determined that this appeal is properly before us, we now proceed to consider whether the district court erred in finding that Armendaris acted under duress and coercion and was therefore not liable for the fine imposed under section 1323. We review the findings of duress under the clearly erroneous standard. *See* Fed.R.Civ.P. 52(a). In so doing, we are mindful that for a finding to be clearly erroneous, the reviewing court, looking at all the evidence, must be "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Moreover, as the Supreme Court reaffirmed in *Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985) (citation omitted), "[w]hen findings are based on determinations regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings...." Applying the foregoing principles to the finding in issue we are unable to conclude that it is clearly erroneous. The evidence in the record, consisting largely of the uncontradicted testimony of Armendaris and Nelson Aguilar, supports the district court's factual finding that Armendaris did act under duress and coercion exerted upon him by the Cuban authorities in Mariel Harbor.

## CONCLUSION

Accordingly, for the reasons set forth above, the final judgment of the district court is AFFIRMED.