[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11526

_____

SOUTHERN-OWNERS INSURANCE COMPANY,

Plaintiff-Appellee,

*versus*

MARONDA HOMES, INC. OF FLORIDA,
JROD PLASTERING, LLC,

Defendants-Appellants,

JOSEPH MANALANSAN, et al.,

Defendants.

———————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cv-01305-TJC-MCR

———————————————

Before BRANCH, GRANT, and TJOFLAT, Circuit Judges.

BRANCH, Circuit Judge:

Maronda Homes, Inc. of Florida, and JROD Plastering, LLC, appeal from the district court's dismissal of their motions for attorneys' fees under Fla. Stat. § 627.428.[1]   The district court concluded that it lacked subject-matter jurisdiction to entertain Maronda's and JROD's motions because it already had dismissed the underlying action for lack of subject-matter jurisdiction.  In doing so, the district court disagreed with the reasoning of *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962 (11th Cir. 2008), an unpublished opinion of this Court.

In *Prime*, we held that awards of attorneys' fees under Fla. Stat. § 627.428 are collateral issues to the merits of a case and are therefore "within the court's jurisdiction, even after the court [has] determined it lack[s] subject matter jurisdiction over the underlying suit." *Id.* at 965.  But in a published opinion twenty-

———————————————

[1] Fla. Stat. § 627.428 was repealed by the Florida legislature in March 2023. *See* 2023 Fla. Laws ch. 2023-15, § 11.

four years earlier, we held that awards of attorneys' fees under Fla. Stat. § 627.428 are integral to the merits, *Certain British Underwriters at Lloyds of London v. Jet Charter Serv., Inc.*, 739 F.2d 534, 535 (11th Cir. 1984), which means that a district court would lack subject-matter jurisdiction to award such fees if it has already dismissed the underlying action for lack of subject-matter jurisdiction. Because we are bound by our published opinion in *Jet Charter*, we affirm.

## I.    Background

On August 23, 2013, Maronda sold a house to Joseph and Chamroeun Manalansan. A few weeks later, the Manalansans sent Maronda a notice of construction defects related to the house's stucco installation. Maronda had hired JROD to perform the stucco installation, and JROD maintained a commercial general liability insurance policy with Southern-Owners that listed Maronda as an "additional insured." Maronda thus requested that Southern-Owners defend or indemnify it under JROD's policy.

Southern-Owners sued Maronda and JROD in the U.S. District Court for the Middle District of Florida, seeking a declaration that its policy did not cover the stucco damage. The district court dismissed Southern-Owners's complaint for lack of subject-matter jurisdiction because Southern-Owners failed to

meet the amount-in-controversy requirement of 28 U.S.C. § 1332.[2] Southern-Owners did not appeal that ruling.

Maronda and JROD then filed motions for attorneys' fees under Fla. Stat. § 627.428.[3] Southern-Owners responded that the district court lacked subject-matter jurisdiction to entertain the motions because it already had dismissed the underlying action for lack of subject-matter jurisdiction.

_____

[2] Southern-Owners invoked 28 U.S.C. § 1332 (diversity jurisdiction) as the basis for the district court's subject-matter jurisdiction. Section 1332 imposes a $75,000 "amount-in-controversy" requirement. 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . .").

[3] Fla. Stat. § 627.428 (1982), which governs this case, provides:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

> (2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney's fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer.

> (3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

The district court agreed with Southern-Owners and dismissed Maronda's and JROD's motions. It concluded that awards of attorneys' fees under Fla. Stat. § 627.428 are integral to the merits and that it thus lacked subject-matter jurisdiction to consider Maronda's and JROD's motions. Maronda and JROD timely appealed.

## II.    Analysis

The district court properly concluded that it lacked subject-matter jurisdiction to consider Maronda's and JROD's motions after it already had dismissed the underlying action for lack of subject-matter jurisdiction because awards of attorneys' fees under Fla. Stat. § 627.428 are integral to the merits.[4] *See Jet Charter*, 739 F.2d at 536.

"Federal courts are courts of limited jurisdiction" and "[i]t is to be presumed that a cause lies outside this limited jurisdiction," unless the party asserting jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Maronda and JROD argue that the district court had jurisdiction to consider their motions, even though it already had dismissed the underlying

---

[4] "We review questions of subject-matter jurisdiction *de novo.*" *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1282 (11th Cir. 2019). Subject-matter jurisdiction is the court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court must have subject-matter jurisdiction to "proceed at all in any cause." *Id.* at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

action for lack of subject-matter jurisdiction, because awards of attorneys' fees under Fla. Stat. § 627.428 are "collateral issues." *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("[A] federal court may consider collateral issues after an action is no longer pending.").

A court may consider collateral issues after it has dismissed an action for lack of subject-matter jurisdiction because "the determination of a collateral issue" is not "a judgment on the merits of an action," and "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction."[5] *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (quotation omitted); *see id.* ("Such an order implicates no constitutional concern because it does not signify a district court's assessment of the legal merits of the complaint." (quotation omitted)). In *Willy*, the Supreme Court held that sanctions under Federal Rule of Civil Procedure 11 are collateral issues that a federal court may address after it has dismissed a case for lack of subject-matter jurisdiction. *Id.* at 137–38.

Under Florida law, "attorney's fees recovera[bl]e by statute are to be regarded as 'costs' only when made so by statute. Otherwise, they are to be treated as an element of damages." *Jet Charter*, 739 F.2d at 536 (quoting *Prudential Ins. Co v. Lamm*, 218 So. 2d 219, 219 (Fla. 3d DCA 1969)); *see also Smith v. Sitomer*, 550

---

[5] For example, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

So. 2d 461, 462 (Fla. 1989); *Spiegel v. Williams*, 545 So. 2d 1360, 1362 (Fla. 1989). Thus, in *Jet Charter*, we concluded that the attorneys' fees provided for in Fla. Stat. § 627.428 are "an element of damages" and "an integral part of the merits," because such fees are not designated as costs. *See* 739 F.2d at 535–36 (quotation omitted); *see also* Fla. Stat. § 627.428(3) (1982) (providing that "[w]hen so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case"). Because an award of attorneys' fees under Fla. Stat. § 627.428 is not a collateral issue, the district court correctly determined that it lacked jurisdiction to consider Maronda's and JROD's motions after it had dismissed the underlying action for lack of subject-matter jurisdiction. *See Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. Unit B 1981) ("When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim.").[6]

Maronda and JROD argue that *Prime* compels a different result. In *Prime*, we cited *Willy* to hold that a district court's "award of attorney's fees [under Fla. Stat. § 627.428] was collateral to the merits of the case and was therefore within the court's jurisdiction, even after the court determined it lacked subject

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

matter jurisdiction over the underlying suit."[7]  270 F. App'x at 965. But *Prime* is an unpublished opinion that is "not binding precedent." *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013); *see also* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent . . . ."). And in *Jet Charter*, which was published, we held that "an award of attorney's fees under [Fla. Stat. §] 627.428 is 'an integral part of the merits' and must be part of any final judgment." 739 F.2d at 536. Even if *Prime* were a published opinion, "when there are conflicting prior panel decisions, the oldest one controls." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 862 (11th Cir. 2020). Thus, we are bound to apply *Jet Charter* and must conclude that an award of attorneys' fees under Fla. Stat. § 627.428 is integral to the merits.[8]

---

[7] *Prime* also cited *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992), and *Morand v. Stoneburner*, 516 So. 2d 270 (Fla. 5th DCA 1987). *Prime*, 270 F. App'x at 965. These two cases are easily distinguishable. *Moore* involved a fee award under 28 U.S.C. § 1447(c), not Fla. Stat. § 627.428. 981 F.2d at 445. And *Morand* involved the subject-matter jurisdiction of Florida state courts, not the subject-matter jurisdiction of federal courts. 516 So. 2d at 271.

   In an unrelated case, the Eighth Circuit declined to follow *Prime*, finding it to be "unpersuasive, as it relied on cases involving a court's jurisdiction to award sanctions under Rule 11 and 28 U.S.C. § 1447(c)." *Dakota, Minn. & E. R.R. v. Schieffer*, 715 F.3d 712, 713 n.2 (8th Cir. 2013).

[8] As a general rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531

---

F.3d 1347, 1352 (11th Cir. 2008). But, for our precedents that interpret state law, "a panel [is] *free to reinterpret* state law" when subsequent decisions from the state's courts have "cast doubt on our interpretation." *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996) (emphasis added and quotations omitted). In *Venn*, we revisited our decision because "Florida Supreme Court decisions" had "significantly changed the law" and "thus cast doubt on [our precedent]." *Id.*

We recognize that *Jet Charter* is our Circuit's interpretation of Florida law and, as appellants note in their briefs, there are subsequently decided Florida cases that indicate, under the facts in those cases, that attorneys' fees are a collateral issue. *See generally Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241 (Fla. 1986); *Travelers Indem. Co. v. Hutchins*, 489 So. 2d 208 (Fla. 2d DCA 1986); *Advanced Chiropractic & Rehab. Ctr. v. United Auto Ins. Co.*, 140 So. 3d 529 (Fla. 2014). We decline to invoke our discretionary authority to revisit *Jet Charter* at this time, however, because these cases are distinguishable on factual and procedural grounds, so we are not convinced that Florida courts have significantly "changed the law." *Venn*, 99 F.3d at 1066. We start with the Florida Supreme Court cases. First, as the district court recognized, *Finkelstein* is distinguishable, *inter alia*, because it "examine[d] the [attorneys' fees provision in the] medical malpractice statute, not § 627.428 [which *Jet Charter* interpreted]." *See* 484 So. 2d at 1243. Second, we do not read *Advanced* to clearly change the law because it stems from a distinct procedural posture (writ proceedings) and the court expressly limited its reach: "the amount of attorney's fees to be awarded *in such circumstances* . . . ." 140 So. 3d at 537 (emphasis added). Digging further, we look to *Travelers*—decided by the Second District Court of Appeal of Florida. 489 So. 2d at 208. To start, *Travelers* did consider the same statute as *Jet Charter*, but for two independent reasons we do not find it to be a significant change in law that motivates us to exercise our discretionary power to rewrite our Circuit's precedent. First, while we are not limited to state supreme court decisions when determining if there has been a change in law, our precedents have routinely looked to the states' high courts for direction. *See generally United States v. Clarke*, 822 F.3d 1213, 1215 (11th Cir. 2016) (looking to decisions from

AFFIRMED.[9]

---

"Florida's highest court" when determining whether to revisit our interpretation of Florida state law); *Venn*, 99 F.3d at 1066 (same). Second, because *Travelers* merely imputed the logic from *Finkelstein* without grappling with the important distinctions between the dissimilar operative statutes that undergird each case, we decline to reconstruct our Circuit's 24-year-old precedent on such a tenuous foundation.

All in all, while some Florida courts have reached a different result than we did in *Jet Charter*, these decisions are too varied to constitute a definitive change in law. *See Venn*, 99 F.3d at 1066. As such, we decline to exercise our discretionary power to rewrite our Circuit's precedent which means that we are bound to follow *Jet Charter*. *Archer*, 531 F.3d at 1352.

[9] My concurring colleague suggests that this opinion should be published. My dissenting colleague and I disagree given this Court's express policy that: "The unlimited proliferation of published opinions is undesirable because it tends to impair the development of the cohesive body of law." 11th Cir. R. 36-2, I.O.P. 5. First, the statute at issue (Fla. Stat. § 627.428) has been repealed. As such, outside of deciding the instant case, the lasting utility of our dueling opinions is dubious—at best. Of course, if our three opinions offered instructional guidance or clarified our body of law in a meaningful way, the statute's repeal could be overlooked. But that brings us to our second point: our three opinions are so fractured that they would provide no actionable guidance and further complicate our law. *See* 11th Cir. R. 36-2, I.O.P. 6 ("Opinions that the panel believes to have no precedential value are not published.").

20-11526          TJOFLAT, J., Concurring Specially          1

TJOFLAT, Circuit Judge, concurring specially:

I agree that we should affirm the District Court's dismissal of Maronda Homes, Inc. of Florida and JROD Plastering, LLC's motions for attorneys' fees under Fla. Stat. § 627.428, but I arrive at this conclusion by a different road than my colleagues. At bottom, I do not believe the attorneys' fee provision of Fla. Stat. § 627.428 applies to the procedural posture in which we find the instant case. Consequently, we are not bound by *Certain British Underwriters at Lloyds of London v. Jet Charter Serv., Inc.*, 739 F.2d 534 (11th Cir. 1984) in any meaningful way as the Lead opinion suggests. Further, if *Jet Charter* is inapplicable, there is no need to revisit that precedent in light of intervening Florida court decisions as the Dissent suggests.

An insurer sued its insured "seeking a declaration that its policy did not cover the stucco damage." Lead Op. at 3. That means the insurer, Southern-Owners, began the process inherent in a civil suit by filing a complaint. Maronda Homes, an insured, responded by filing a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), rather than by filing an answer.[1] In that motion, Maronda argued that the District Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy failed to clear the required $75,000

---

[1] JROD Plastering followed later with a motion to dismiss for lack of subject matter jurisdiction asserting the same two general grounds.

2                  Tjoflat, J., Concurring Specially          20-11526

threshold.[2]    The District Court agreed and dismissed the complaint.    The significance of this ground for dismissal: the defendant insureds never argued the merits of the claim under the insurance policy, nor did the District Court decide its merits.  The defendants did not file an answer responding to Southern-Owners's substantive claims.  They did not file a counter claim.  They only asserted that this matter was not properly before the District Court for adjudication.  Therefore, in the words of *Jet Charter*, there were no merits for an assessment of attorneys' fees to be "an integral part of."  739 F.2d at 535.  The lawsuit stalled on the runway.

"Maronda and JROD then filed motions for attorneys' fees under Fla. Stat. § 627.428."  Lead Op. at 4.  Relevantly, that statute once provided,

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary *under a policy or contract* executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit *in which the recovery is had*.

Fla. Stat. § 627.428(1) (1982) (emphasis added).

---

[2] Alternatively, Maronda argued the District Court should decline jurisdiction due to Southern-Owners's pending parallel state court claims seeking the same relief.

The defendant insureds (a) did not have a recovery and (b) did not receive a judgment or decree "under a policy or contract." Rather, they successfully secured the dismissal of an action against them as not properly before the District Court. The District Court did not decide anything about the insurance policy; the defendants did not even present arguments to assist with any such decision. All that is to say, the District Court does not have subject matter jurisdiction to consider attorneys' fees because this case never triggered the now-defunct Florida attorneys' fee provision.

This is a matter of first principles because we are bound by neither *Jet Charter* nor *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962 (11th Cir. 2008). It goes without saying, but our unpublished opinions such as *Prime* do not bind this Court in later decisions. *Jet Charter*, on the other hand, is inapposite on the issue we now consider. As just discussed, the District Court here did not decide—and the defendant insureds did not argue—the merits of an insurance policy, only subject matter jurisdiction. The district court in *Jet Charter*, however, did. The underlying suit in *Jet Charter* ended in summary judgment on the merits of the claims presented, not a motion to dismiss. 739 F.2d at 534. A quick look at the district court's docket sheet in that case also reveals that, unlike here, not only did the defendant insured file an answer to the insurer's complaint, but also a counterclaim. *See* Answer, *Certain British Underwriters at Lloyds, London v. Aero Serv. Int'l, Inc.*, No. 83-0647 (S.D. Fla. filed Apr. 13, 1983). Therefore, any holding from *Jet Charter* about how tied up the

merits of a case and attorneys' fees are with each other has nothing to say about this case, where there was no decision on the merits. The District Court concluded it lacked subject matter jurisdiction, so the case's dismissal at this stage and on this ground is as if Southern-Owners's case had never been filed in the first instance. While the *Jet Charter* litigation may not have reached its intended final destination—a declaratory judgment in favor of the insurer— the lawsuit at least made it into the air. Because *Jet Charter* is not on point here, there is also no reason to revisit it in light of intervening Florida case law, as the Dissent suggests.

Finally, though I recognize that these three opinions are unpublished, I think that they should have been published for two reasons. One, in my book, substantial disagreement among panel members almost always warrants publication. Here, each of the three panel judges have written separately, thus evidencing disagreement about the issues presented by this appeal. Two, the Florida legislature's repeal of Fla. Stat. § 627.428 neither overturns *Jet Charter* nor makes our discussion of it purely academic. As the Lead Opinion points out, litigants can and do argue about statutes through analogy to other, similar statutes and provisions. Lead Op. at 8 n.7, 9 n.8. *Prime* cites *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) (interpreting 28 U.S.C. § 1447(c)), to interpret Fla. Stat. § 627.428. Likewise, the appellants here cite *Finkelstein v. North Broward Hospital District*, 484 So. 2d 1241 (Fla. 1986) (interpreting Florida's medical malpractice statute), for the same reason. Similarly, future advocates and

20-11526            TJOFLAT, J., Concurring Specially            5

judges might continue to use *Jet Charter* to interpret attorneys' fees provisions in other laws.

★    ★    ★

For the reasons discussed in my opinion, I think it necessary to publish these opinions to show when such use is inappropriate, rather than assuming *Jet Charter* is a functionally dead letter now that the underlying statute is.

★    ★    ★

I would affirm the District Court's dismissal of the attorneys' fees motions on the grounds described above.

20-11526                GRANT, J., Dissenting                1

GRANT, Circuit Judge, concurring in footnote nine of the majority opinion but otherwise dissenting:

*Jet Charter* interpreted attorneys' fees under Fla. Stat. § 627.428 to be "an integral part of the merits of the case" that "must be part of any final judgment." *Certain British Underwriters at Lloyds of London v. Jet Charter Serv., Inc.*, 739 F.2d 534, 535 (11th Cir. 1984), *abrogated on other grounds by Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988). But subsequent decisions of the Florida courts cast doubt on that characterization of § 627.428. *See Travelers Indem. Co. v. Hutchins*, 489 So. 2d 208, 209–10 (Fla. Dist. Ct. App. 1986) (directly rejecting *Jet Charter*'s reading of § 627.428); *see also generally Advanced Chiropractic & Rehab. Ctr. v. United Auto. Ins. Co.*, 140 So. 3d 529 (Fla. 2014); *Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241 (Fla. 1986).

When "subsequent decisions of 'the Florida courts cast doubt on our prior interpretations of state law,' we should 'reinterpret state law in light of the new precedents.'" *Pincus v. Am. Traffic Sols., Inc.*, 986 F.3d 1305, 1311 (11th Cir. 2021) (alterations adopted) (quoting *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996)). Considering *Travelers*, *Advanced Chiropractic*, and *Finkelstein*, Florida courts have "cast doubt" on *Jet Charter* to the extent that it does not bind us.

Ordinarily, this question may warrant certification to the Florida Supreme Court. But the Florida legislature recently repealed § 627.428. 2023 Fla. Laws ch. 2023-15, § 11. Rather than request the Florida Supreme Court's view on a now-repealed law,

2                    GRANT, J., Dissenting                    20-11526

I would simply hold that attorney's fees under § 627.428 are a collateral issue and reverse the district court. Because the lead opinion's approach seems to heighten our standard for reconsidering past interpretations of state law and perpetuates *Jet Charter*'s doubtful interpretation of § 627.428, I respectfully dissent. As for the specially concurring opinion's discussion about whether § 627.428 applies at all, my view is that such an analysis is more properly understood as a merits question relating to the parties' attorney's fees claims, and does not determine the district court's jurisdiction to consider those claims in the first place.